**CITY OF COLUMBUS, Appellee,**

v.

**OCKER, Appellant.**

[Cite as *Columbus v. Ocker* (1994), 97 Ohio App.3d 596.]

Court of Appeals of Ohio,
Franklin County.

No. 94APC03–332.

Decided Sept. 29, 1994.

*Ronald J. O'Brien,* City Attorney, *David M. Buchman,* City Prosecutor, and *Brenda J. Keltner,* Assistant City Prosecutor, for appellee.

*Daniel D. Connor Co., L.P.A., Daniel D. Connor* and *Dennis P. Evans,* for appellant.

WHITESIDE, Presiding Judge.

This is an appeal by defendant, Heidi L. Ocker, from an order of the Franklin County Municipal Court finding that an administrative suspension of defendant's driver's license was proper because no error had been committed by either the arresting officer or the Ohio Bureau of Motor Vehicles with respect to the suspension. Although the brief of defendant is defective in that it does not set forth specifically an assignment of error as required by the Appellate Rules, the issue involved is set forth at page 5 of defendant's brief as follows:

"The sole issue in this case is whether the Ohio Bureau of Motor Vehicles can suspend the driver's license of a person who fails a chemical test when the arresting officer does not inform the Defendant of the length of the suspension that will be imposed pursuant to the requirements of Ohio Revised Code, Section 4511.191(C)(1)(a) and (b)."

Accordingly, the contended error is in the interpretation of R.C. 4511.191(C)(2)(a) to the effect that the trial court erred in finding that section does not require an arresting officer to designate the length of the potential suspension under R.C. 4511.191(E) or (F).

R.C. 4511.191(C)(2)(a) provides, as follows:

"The advice given pursuant to division (C)(1) of this section shall be in a written form containing the information described in division (C)(2)(b) of this section and shall be read to the person. The form shall contain a statement that the form was shown to the person under arrest and read to him in the presence of the arresting officer and either another police officer, a civilian police employee, or an employee of a hospital, first-aid station, or clinic, if any, to which the person has been taken for first-aid or medical treatment. The witnesses shall certify to this fact by signing the form."

This provision expressly requires that the information given include that described in R.C. 4511.191(C)(1)(a) and (b), which provide information that must be given to a person under arrest for operating a vehicle while under the influence of alcohol or with a prohibited concentration of alcohol in the blood, breath, or urine, as follows:

"(a) The consequences, as specified in division (E) of this section, of his refusal to submit upon request to a chemical test designated by the law enforcement agency as provided in division (A) of this section.

"(b) The consequences, as specified in division (F) of this section, of his submission to the designated chemical test if he is found to have a prohibited concentration of alcohol in the blood, breath, or urine."

R.C. 4511.191(F) provides that if the alcohol content of blood, breath or urine exceeds statutory limits, an administrative suspension shall be imposed for ninety days if there has been no prior conviction within five years, with the suspension being increased to one year if there have been one conviction within five years, two years for two convictions within five years, and three years for more than two convictions within the previous five years. However, R.C. 4511.191(C)(2)(b) sets forth the prescribed language for the advice form and states in part:

"If you refuse to submit to the requested test or if you submit to the requested test and are found to have a prohibited concentration of alcohol in your blood, breath, or urine, your driver's or commercial driver's license or permit or nonresident operating privilege immediately will be suspended for the period of time specified by law by the officer, on behalf of the registrar of motor vehicles. * * * "

Thus, there is an apparent inconsistency between paragraphs (C)(1) and (C)(2) of R.C. 4511.191. Paragraph (C)(2)(b) provides that the form shall state that the license will be suspended "for the period of time specified by law by the officer," while paragraphs (C)(1)(a) and (b) require that advice given include "the consequences, as specified in division (F) of this section," of both a refusal to take the test and "his submission to the designated chemical test if he is found to have a prohibited concentration of alcohol in the blood, breath, or urine."

This apparent inconsistency is reconciled by the precise language of the form specified in R.C. 4511.191(C)(2)(b), which requires the officer to specify the period of time of the suspension by the words, "suspended for the period of time *specified* by law *by the officer,* on behalf of the registrar of motor vehicles." (Emphasis added.) In other words, on behalf of the Registrar of Motor Vehicles, the officer must specify the period of time of the suspension that will be imposed if a test reveals a prohibited concentration of alcohol, as well as the period of time of suspension if the test is refused.

The city argues that the section should not be applied upon its plain meaning but, instead, that the phrase "by the officer" should be construed as a misplaced modifier and that this court should modify the statute by inserting the words, "as determined" between the words "by law" and the words "by the officer." This court has no authority to amend the statute by adding the language desired by the city so that the statute has the meaning that the city desires. Alternately, the city contends that, since there are two phrases commencing with the preposition "by," the phrase "by the officer" should be construed as modifying the earlier phrase "will be suspended," in other words a misplaced modifier. Actually, if we were permitted to amend the statute, it would make more sense to have the closest modifier "by law" modify the phrase "will be suspended," rather than the most distant modifying phrase. This would be an accurate statement

because the suspension is a matter of law, being specifically mandated by R.C. 4511.191(F), which also refers to suspension by the officer, although R.C. 4511.191(G)(1) more accurately refers to the action of the arresting officer as serving "the notice of suspension upon the arrested person," as does R.C. 4511.191(D)(1)(a).

The city also contends that the reference to division (F) in R.C. 4511.191(C)(1)(b) refers only to the "general provisions" of division (F), "not the specific lengths of suspensions listed." The words "division (F)" clearly refer to the entire division, not just its introductory portion. We find no basis for holding that a reference to a division of a section of the Revised Code refers only to part of that division, rather than its entirety. The same is true with respect to a reference to a section of the Ohio Revised Code. The city's contention would mean that a general reference to the section referred only to the first paragraph of the section, rather than to its entirety. If the context of the reference indicates that only a specific portion of the section or division is intended, we might limit our interpretation to that portion. That is not the case here. There simply is no merit to the city's contention.

Likewise, the city refers to rules of construction set forth in R.C. 1.47(C) and (D) and 1.49(E). These require that, in construing the statute, a "just and reasonable result," as well as a "result feasible of execution," will be presumed to be intended. Applying these rules of construction, we must reject the city's contentions. The result the city seeks is not "just and reasonable," since it would result in giving misleading information to a person as to consequences of taking a chemical test. The advice given by the police in this instance indicates that, if the test reveals a prohibitive concentration of alcohol, the person's driver's license will be suspended without any indication of for how long, implying that the suspension will be indefinite, if not forever. This is neither just nor reasonable and does not allow a reasoned consideration of the consequences of failing to take the test, which is a minimum suspension of one year under R.C. 4511.191(E)(1). In other words, the periods of suspension are greater for one refusing to take the test than for one who takes a test which reveals a prohibited concentration of alcohol (ninety days). It is this information that is intended by the statute to be imparted to the individual, especially one who has had no previous conviction of driving under the influence.

In this case, the police officer admitted that he failed to advise defendant of the length of the suspension which would be imposed either for a refusal to take the test or for taking the test revealing a prohibited concentration of alcohol. This the officer is required to do by R.C. 4511.191(C)(1). This conclusion necessarily follows from the language of the statute which, because of the nature of the

penalty imposed and being closely connected with a criminal (traffic) statute, must be strictly construed.

Of course, this decision has no effect upon the prosecution of the charge against defendant for operating a motor vehicle while under the influence of alcohol, nor upon any penalty, including a suspension of driving rights that may be imposed as a result of conviction. However, the assignment of error is well taken, since the officer failed fully to comply with the requirement of R.C. 4511.191(C)(1) as to the consequences of refusing to submit to the chemical test designated and the consequences of taking the test revealing a prohibited concentration of alcohol. The assignment of error is well taken.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court with instructions to enter an order setting aside the administrative suspension of defendant's driving rights, and for further proceedings as are in accordance with law consistent with this opinion. Costs are assessed against appellee.

*Judgment reversed*
*and cause remanded.*

PETREE and DESHLER, JJ., concur.