**95–1926.** State ex rel. Crawford v. Indus. Comm. *Franklin County*, No. 94APD08–1257. This cause is pending before the court as an appeal from the Court of Appeals for Franklin County. It appears from the records of this court that appellant, Industrial Commission of Ohio, has not filed a merit brief, due November 15, 1995, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that the appeal of the Industrial Commission of Ohio be, and hereby is, dismissed *sua sponte,* effective November 27, 1995.

The appeal of Reliance Electric Company remains pending.

**95–1965.** State v. Keaton. *Summit County*, No. 16280. This cause is pending before the court as an appeal from the Court of Appeals for Summit County. It appears from the records of this court that appellant has not filed a merit brief, due November 16, 1995, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte,* effective November 24, 1995.

## MOTION DOCKET

**95–1513.** Bryan v. Hudson. *Williams County*, No. WM94014. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated in the court of appeals' Opinion and Judgment Entry dated June 30, 1995, at pages 9–10: "This court *sua sponte* finds further that its judgment in this case is in conflict with the judgments pronounced on the same question by the courts of appeals for the Tenth Appellate District in *City of Columbus v. Ocker* (1994), 97 Ohio App.3d 596 [647 N.E.2d 205], and the Eleventh Appellate District in *State v. Given* (Dec. 23, 1994), Portage App. No. 94–P–0012, unreported [1994 WL 738492], and hereby certifies the record of this case to the Supreme Court of Ohio for review and final determination, pursuant to Section 3(B)(4), Article IV, Ohio Constitution.

"The issue on which the conflict exists is whether, for purposes of establishing a valid consent or refusal to take a blood-alcohol concentration test in the context of reviewing an administrative license suspension pursuant to R.C. 4511.191, the statutory notice provision contained in R.C. 4511.191(C) is satisfied by a showing that the officer read to the arrested person the language of R.C. 4511.191(C)(2)(b) as set forth on the top portion of BMV form 2255."

Resnick, J., not participating.

*Thursday, November 30, 1995*

## MOTION DOCKET

**95–2285.** Keycorp Mtge., Inc. v. Shimp. *Portage County*, No. 94–P–0073. This cause is pending before the court as a discretionary appeal and claimed appeal of right. Upon consideration of appellant's motion for stay,

IT IS ORDERED by the court that the motion for stay be, and hereby is, denied, effective November 29, 1995.

Resnick, J., not participating.