[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 376.]

THE CITY OF BRYAN, APPELLEE, *v.* HUDSON, APPELLANT.

[Cite as *Bryan v. Hudson*, 1997-Ohio-261.]

*Motor vehicles—Driving while intoxicated—Establishing valid consent or refusal to take breath-alcohol-concentration test in context of administrative license suspension—Notice requirement of R.C. 4511.191(C) is satisfied by reading to arrestee the language of R.C. 4511.191(C)(2)(b) as set forth on the top portion of BMV Form 2255.*

———————————

For purposes of establishing a valid consent or refusal to take a breath-alcohol-concentration test in the context of an administrative license suspension pursuant to R.C. 4511.191, the notice requirement of R.C. 4511.191(C) is satisfied by reading to the arrestee the language of R.C. 4511.191(C)(2)(b) as set forth on the top portion of BMV Form 2255.

———————————

(No. 95-1513—Submitted October 9, 1996—Decided February 4, 1997.)

CERTIFIED by the Court of Appeals for Williams County, No. WM- 94-014.

———————————

{¶ 1} On August 23, 1994, appellant, Robert S. Hudson, was arrested by Officer Jeremy Jones of the Bryan Police Department for speeding, operating a motorcycle without a helmet, and operating a motor vehicle while under the influence of alcohol. Officer Jones transported appellant to the Bryan police station, where he read the top portion of the Bureau of Motor Vehicles ("BMV") Form 2255 to appellant, advised him of his *Miranda* rights, asked him to submit to a breath- alcohol- concentration ("BAC") test, and advised him of his right to obtain an alternate chemical test at his own expense. After the appellant refused to submit

to the BAC test, Officer Jones suspended appellant's driver's license pursuant to the administrative license suspension ("ALS") provisions of R.C. 4511.191.

{¶ 2} On August 25, 1994, appellant filed an ALS appeal and a request for occupational driving privileges in the Bryan Municipal Court, in which he asserted that his license suspension should be terminated because the arresting officer failed to inform him of the consequences of refusing to be tested or of submitting to the requested test.  At the September 2, 1994 ALS hearing, Officer Jones testified that when he and the appellant arrived at the police station, he read appellant the "top portion" of BMV Form 2255 verbatim in front of a witness and that appellant said he understood what was read to him.  The trial court rejected appellant's assertion that he had not been properly advised of the consequences of a refusal to take the BAC test.  Accordingly, the trial court denied appellant's appeal of his ALS for refusing to submit to the BAC test.

{¶ 3} The court of appeals affirmed the appellant's conviction, holding that "(1) the advice prescribed by R.C. 4511.191(C)(2)(b) and as set forth on BMV form 2255, if read verbatim to an arrested person by the arresting officer, is sufficient to satisfy the statutory requirement that he be advised of the consequences of taking or not taking the chemical test and that the arresting officer need not specify the duration of the suspension for an individual arrestee in order to comply with the notice provisions of R.C. 4511.191(C);  [and] (2) the trial court did not err in finding that appellant had been adequately advised of his statutory rights before he refused to take the BAC test * * *."

{¶ 4} The court of appeals also certified that its decision was in conflict with the decisions of the Court of Appeals for Franklin County in *Columbus v. Ocker* (1994), 97 Ohio App.3d 596, 647 N.E.2d 205, and the Court of Appeals for Portage County in *State v. Given* (Dec. 23, 1994), Portage App. No. 94-P-0012, unreported, on the following question:  "whether, for purposes of establishing a valid consent or refusal to take a blood [*sic*] alcohol concentration test in the context of reviewing

an administrative license suspension pursuant to R.C. 4511.191, the statutory notice provision contained in R.C. 4511.191(C) is satisfied by a showing that the officer read to the arrested person the language of R.C. 4511.191(C)(2)(b) as set forth on the top portion of BMV Form 2255."

{¶ 5} This cause is now before the court upon determination that a conflict exists.

———————————

*Arthur, O'Neil, Mertz & Bates Co., L.P.A.*, and *E. Charles Bates*, for appellant.

*Ronald J. O'Brien*, Columbus City Attorney, *David M. Buchman*, City Prosecutor, and *Brenda J. Keltner*, Assistant City Prosecutor, urging affirmance for *amicus curiae*, city of Columbus.

———————————

**LUNDBERG STRATTON, J.**

{¶ 6} The issue certified to this court is whether, for purposes of establishing a valid consent or refusal to take a breath-alcohol-concentration test in the context of reviewing an administrative license suspension pursuant to R.C. 4511.191, the statutory notice provision contained in R.C. 4511.191(C) is satisfied by a showing that the officer read to the arrestee the language of R.C. 4511.191(C)(2)(b) as set forth on the top portion of BMV Form 2255. We hold that it is. Therefore, we affirm the court of appeals and hold that for purposes of establishing a valid consent or refusal to take a breath-alcohol- concentration test in the context of an administrative license suspension pursuant to R.C. 4511.191, the notice requirement of R.C. 4511.191(C) is satisfied by reading to the arrestee the language of R.C. 4511.191(C)(2)(b) as set forth on the top portion of BMV Form 2255.

{¶ 7} Under R.C. 4511.191(C)(1), any person arrested "for operating a vehicle while under the influence of alcohol" shall be advised, pursuant to R.C.

4511.191(E) and (F), of the consequences of his refusal to submit upon request to a chemical test and of the consequences of his submission to the test "if he is found to have a prohibited concentration of alcohol in the blood, breath, or urine."

**{¶ 8}** R.C. 4511.191(C) states further:

"(2)(a) The advice given pursuant to division (C)(1) of this section shall be in a written form containing the information described in division (C)(2)(b) of this section and shall be read to the person. * * *

"(b)    The form required by division (C)(2)(a) of this section shall read as follows:

"'You now are under arrest for operating a vehicle while under the influence of alcohol, a drug of abuse, or both alcohol and a drug of abuse and will be requested by a police officer to submit to a chemical test to determine the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in your blood, breath, or urine.

"'If you refuse to submit to the requested test or if you submit to the requested test and are found to have a prohibited concentration of alcohol in your blood, breath, or urine, your driver's or commercial driver's license or permit or nonresident operating privilege immediately *will be suspended for the period of time specified by law by the officer, on behalf of the registrar of motor vehicles.* * * *'" (Emphasis added.)

**{¶ 9}** The appellant urged both the lower courts and this court to conclude that the arresting officer must specify the exact period of a potential suspension that applies individually to each arrestee  and not merely read to the arrestee the language of R.C. 4511.191(C)(2)(b) as set forth on the top portion of BMV Form 2255 before a valid consent or refusal to take the chemical test is established.  Both courts rejected this contention.  However, in *Columbus v. Ocker* (1994), 97 Ohio App.3d 596, 647 N.E.2d 205, the Franklin County Court of Appeals interpreted the phrase "by the officer" to modify the preceding phrase "as specified by law,"

thereby requiring the arresting officer to make an individualized determination of the prospective penalties pursuant to R.C. 4511.191(E) and (F) and accordingly advise the arrestee "as to the consequences of refusing to submit to the chemical test designated and the consequences of taking the test revealing a prohibited concentration of alcohol." *Id.* at 600, 647 N.E.2d at 207.

{¶ 10} Further, in *State v. Given* (Dec. 23, 1994), Portage App. No. 94-P-0012, unreported, the Portage County Court of Appeals reached the same conclusion as the Franklin County Court of Appeals. The court concluded that the provisions of R.C. 4511.191(C), construed together, require the arresting officer "to read and advise the offender as to the potential lengths of suspension relating to his refusal to take a chemical test or if the offender submits to a chemical test which reports a prohibited alcohol concentration level." The *Given* court held that "[t]he plain language of R.C. 4511.191(C)(1) indicates that the term 'consequences' requires more than a warning that the offender's license may be suspended. It also requires information specified in R.C. 4511.191(E) and (F), which relate to the potential lengths of suspension."

{¶ 11} The court of appeals observed that to allow such an interpretation as proposed by the *Ocker* and *Given* courts would be "to impose a requirement upon police officers that is so wholly impractical that it could not reasonably have been intended by the legislature in its drafting of the statute." We agree, and in analyzing the construction of R.C. 4511.191, we believe that the interpretation urged by the appellant is not what the legislature intended.

{¶ 12} There are so many factors to be considered by a police officer that it would be difficult even to begin to try to make an assessment—factors such as accurate prior arrest or conviction history, prior refusals or consents, lack of a driver's license, municipal violations, etc. See R.C. 4511.191(E) and (F). These convoluted, detailed requirements are almost impossible to assess accurately in the

arrest setting and, we believe, were intended by the legislature to be determinations made by a court at the time of the ALS hearing.

{¶ 13} A court must give effect to all words of the statute. *State v. Moaning* (1996), 76 Ohio St.3d 126, 128, 666 N.E.2d 1115, 1116, citing *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457, 461. Further, unless there is ambiguity, legislative intent must be determined from the language of the statute itself. R.C. 1.49; *Stewart v. Trumbull Cty. Bd. of Elections* (1973), 34 Ohio St.2d 129, 63 O.O.2d 227, 296 N.E.2d 676; *State v. Singer* (1977), 50 Ohio St.2d 103, 108, 4 O.O.3d 237, 240, 362 N.E.2d 1216, 1220. In following these well-established principles, this court finds that the language of R.C. 4511.191(C)(2)(b) contains a misplaced modifier. Modifiers should be placed as close as possible to the words they modify. "If several expressions modify the same word, they should be so arranged that no wrong relation is suggested." Strunk & White, The Elements of Style (3 Ed. 1979) 30. The phrase "will be suspended for the period of time specified by law by the officer, on behalf of the registrar of motor vehicles," R.C. 4511.191(C)(2)(b), contains two similar modifiers: the prepositional phrases "by law" and "by the officer." We believe that the phrase "by the officer" modifies both the phrase "will be suspended," and the phrase "on behalf of the registrar of motor vehicles." In other words, the officer suspends the license on behalf of the Registrar of Motor Vehicles. The phrase "by law" modifies the word "specified" in the phrase "for the period of time specified." In other words, the period of time is specified by law.

{¶ 14} Informing an arrestee of the consequences of his actions in the ALS process is not only a requirement of R.C. 4511.191(C), but is essential to fairness and due process. However, requiring law enforcement to be able to make an on-the- spot determination of the exact period of a license suspension is inconsistent with the plain meaning of the statute.

**{¶ 15}** Therefore, we hold that the advice which must be given to an arrestee under R.C. 4511.191(C)(2)(b) does not include the obligation to specify the exact period of potential suspension.  Instead, the requirement of R.C. 4511.191(C)(2)(b) is met when the top portion of BMV Form 2255 is read verbatim to the arrestee.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, BAIRD, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

WILLIAM R. BAIRD, J., of the Ninth Appellate District, sitting for RESNICK, J.

————————————