The STATE of Ohio, Appellant,

v.

BALLREICH, Appellee.

[Cite as *State v. Ballreich* (1997), 118 Ohio App.3d 633.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–96–056.

Decided March 7, 1997.

*Mark F. Mulligan,* Ottawa County Prosecuting Attorney, and *Dawn Schiets,* Assistant Prosecuting Attorney, for appellant.

*James Reinheimer,* for appellee.

Per Curiam.

This is an appeal brought by the state from a September 5, 1996 judgment of the Ottawa County Municipal Court in which the court ordered that an administrative license suspension ("ALS") imposed upon appellee, Harold E. Ballreich, be vacated. The state has presented one assignment of error, which is:

"The trial court erred when it vacated the administrative license suspension imposed on appellee inasmuch as the arresting officer informed appellee of the consequences of refusing or submitting to the breath test via BMV Form 2255."

The record shows that appellee was arrested and charged with driving under the influence, in violation of R.C. 4511.19(A)(1) and (A)(3) on August 26, 1996. The record also shows that at the time of his arrest, his license was seized and an ALS was imposed pursuant to R.C. 4511.191.

Appellee filed a request for an ALS appeal hearing. A hearing was held, and on September 5, 1996, the trial court filed the judgment entry in which it vacated the ALS imposed upon appellee.

Because no transcript exists of the ALS appeal hearing, the parties have submitted an agreed statement of facts which provides, in pertinent part, as follows:

"Appellee limited the scope of the ALS appeal to one issue, to wit: whether the arresting officer properly informed appellee of the consequences of refusing or submitting to the test by reading the top portion of the BMV form 2255 labelled 'test and refusal consequences' to appellee.

"The court then heard argument from the parties on whether reading the BMV form 2255, admitted into evidence as defendant's exhibit A, sufficiently informed appellee of the consequences of refusing or submitting to the test and, consequently, whether reading the BMV form 2255 allows the proper imposition of an administrative license suspension.

"Appellee maintained that two statements contained within the BMV form 2255 are incorrect statements of law. Specifically, the 'test and refusal consequences' read by the arresting officer to appellee notified appellee that '* * * [t]he ALS is

independent of the penalties for the offense * * *' and the 'additional information for offender' portion contained similar language.

"Appellee argued that the ALS is in fact dependent upon the result and penalties of the underlying offense according to *State v. Gustafson* (1996), 76 Ohio St.3d 425 [668 N.E.2d 435].

"Appellant submitted that the *Gustafson* decision did not change the fact that the imposition of the ALS is still independent of the eventual criminal penalties for the offense.

"Thereafter, having heard the arguments of counsel, the court found appellee's argument well-taken and vacated the ALS."

In support of its sole assignment of error, the state contends that the recent decision of the Supreme Court of Ohio in *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435, did not render the language contained in BMV form 2255 inaccurate as a matter of law. The state argues that the imposition of an ALS is still independent of criminal proceedings for charges of driving under the influence. The state acknowledges that the *State v. Gustafson* decision "may make the length of an ALS dependent on the date of sentencing," but contends that the manner of imposing the ALS remains unchanged, and is independent of the possible criminal penalties that arise from the same arrest.

Appellee contends that "the entire suspension, its length, reinstatement requirements, and character is *dependent* upon subsequent consequences for a conviction of OMVI." (Emphasis *sic.*) Appellee argues that the *State v. Gustafson* decision renders inaccurate the advice contained on the BMV form that was read to him by the arresting officer at the time his ALS was imposed.

The form appellee contends is inaccurate reads in pertinent part:

"You now are under arrest for operating a vehicle while under the influence of alcohol, a drug of abuse, or both alcohol and a drug of abuse and will be requested by a police officer to submit to a chemical test to determine the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in your blood, breath, or urine.

"If you refuse to submit to the requested test, or if you submit to the requested test and are found to have a prohibited concentration of alcohol in your blood, breath, or urine, your driver's or commercial driver's license or permit or nonresident operating privilege immediately will be suspended for the period of time specified by law by the officer, on behalf of the Registrar of Motor Vehicles. You may appeal this suspension at your initial appearance before the court that

hears the charges against you resulting from the arrest, and your initial appearance will be conducted no later than five days after the arrest. This suspension is independent of the penalties for the offense, and you may be subject to other penalties upon conviction."

Appellee argues that an ALS is no longer independent of a DUI conviction.

The Supreme Court of Ohio did say in *State v. Gustafson* that "an R.C. 4511.191 administrative license suspension is inextricably intertwined with, and dependent upon, an arrest for violation of Ohio's DUI statute, R.C. 4511.19. * * * We conclude that both an administrative license suspension and criminal punishments imposed in consequence of a DUI conviction are imposed based on the same conduct or offense, *i.e.*, driving while intoxicated." *State v. Gustafson,* 76 Ohio St.3d at 439, 668 N.E.2d at 446. The *State v. Gustafson* court also ruled that "an administrative license suspension ceases to be remedial and becomes punitive in nature to the extent it is deemed to continue subsequent to conviction and sentencing for violation of R.C. 4511.19." *Id.* at 443, 668 N.E.2d at 448. However, we are not persuaded that these statements of the Supreme Court of Ohio rendered the advice contained in BMV Form 2255 inaccurate.

The Supreme Court of Ohio recently considered the language used in BMV Form 2255 form, and ruled:

"For purposes of establishing a valid consent or refusal to take a breath-alcohol-concentration test in the context of an administrative license suspension pursuant to R.C. 4511.191, the notice requirement of R.C. 4511.191(C) is satisfied by reading to the arrestee the language of R.C. 4511.191(C)(2)(b) as set forth on the top portion of BMV Form 2255." *Bryan v. Hudson* (1997), 77 Ohio St.3d 376, 376–377, 674 N.E.2d 678, 678, syllabus.

The *Bryan v. Hudson* court specifically stated that "the advice which must be given to an arrestee under R.C. 4511.191(C)(2)(b) does not include the obligation to specify the exact period of potential suspension." *Id.* at 380, 674 N.E.2d at 681. Since the ruling in *State v. Gustafson* was prior to the ruling in *Bryan v. Hudson,* and since the only effect of the ruling in *State v. Gustafson* is to affect the length of time some ALS's may be recognized, we are guided by the decision in *Bryan v. Hudson* that BMV Form 2255 is sufficient to satisfy notice requirements.

Appellant's sole assignment of error is well taken. The judgment of the Ottawa County Municipal Court is reversed, and this cause is remanded for

further proceedings consistent with this decision.[1] Appellee is ordered to pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESICK, P.J., HANDWORK and SHERCK, JJ., concur.

---

1. The record does not reflect the status of the DUI charges that were brought against appellee. The trial court's actions on remand must be governed by the rulings in *State v. Gustafson* regarding double jeopardy if a DUI conviction now exists.