OPINION
Defendant Tony T. Stevenson appeals a judgment of the Municipal Court of Canton, of Stark County, Ohio, which convicted and sentenced him for one count of domestic violence in violation of R.C. 2919.25, and one count of resisting arrest in violation of R.C. 2921.33. The jury returned not-guilty verdicts to the three counts of aggravated menacing with which appellant was also charged. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE APPELLANT'S CONVICTION FOR DOMESTIC VIOLENCE AND RESISTING ARREST WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
At trial, the State presented the testimony of Alta Stevenson, Jaworski Eutsey, Lafestus Eutsey, and Officer Eric Stanbro, patrol officer for the City of Canton Police Department. Alta Stevenson is appellant's wife, Jaworski Eutsey is Mrs. Stevenson's brother, and Lafestus Eutsey is Mrs. Stevenson's son and appellant's step-son. The State presented evidence appellant engaged in a verbal confrontation with his wife, which escalated into a physical confrontation between appellant, his wife, and her brother. The parties disagreed as to who was the aggressor. Mrs. Stevenson and Mr. Eutsey both testified appellant threatened them with a gun. Mrs. Stevenson testified appellant bit her and punched her in the face. Lafestus Eutsey testified he also heard his step-father cursing and threatening his mother, his uncle, and himself. Lafestus Eutsey testified appellant had a gun which he pointed at Lafestus and his mother. Appellant testified he acted in self-defense, after his wife and brother-in-law attacked him. Appellant has a disability in that he has only limited use of one of his arms. Officer Stanbro testified five officers responded to the call. Two officers remained in an alley behind the residence, while the other three officers went into the home. The officers observed appellant and his wife fighting while Mr. Eutsey attempted to separate them. Officer Stanbro testified it took all three of the officers to place the appellant in handcuffs. The officer then interviewed Jaworski Eutsey and Lafestus Eutsey, both of whom appeared upset. Appellant also presented the evidence of Joyce Russell, appellant's sister, who testified regarding his truthfulness and peaceful nature. Russell testified that although she was not present on the evening on question, she did not believe appellant was capable of pointing a gun at anyone. The State's exhibits included photographs of Alta Stevenson, showing bruising and blood on her face and a bite mark on her arm. Appellant urges his convictions were against the manifest weight and sufficiency of the evidence. In State v. Thompkins (1997),77 Ohio St.3d 380, the Ohio Supreme Court explained the similarities and differences between the concepts. Sufficiency of the evidence refers to the legal standard the court applies to determine whether the evidence is legally sufficient to support the verdict as a matter of law, Thompkins at 386, citations deleted. Sufficiency of the evidence is an issue for the trial court's legal determination. Even if a judgment is sustained by sufficient evidence, it may nevertheless be against the weight of the evidence, because, the Supreme Court explained, the weight of the evidence concerns the amount of the credible evidence offered in a trial in support of one side of the issue, Thompkins at 387, citations deleted. Weight of the evidence addresses the factual issues to be determined by the jury. R.C. 2919.25 prohibits a person from knowingly causing or attempting to cause physical harm to a family or household member. R.C. 2921.33 provides that no person, recklessly or by force, shall resist or interfere with the lawful arrest of the person or another. We have reviewed the record, and we find there was sufficient competent and credible evidence presented on each essential element of the crimes charged for the trial court to find the State's evidence was sufficient to submit to the jury. We further find there was sufficient competent and credible evidence presented on each element of the crimes charged for the jury to conclude appellant was guilty beyond a reasonable doubt. We find appellant's convictions are supported by sufficient evidence, and are not against the manifest weight of the evidence. Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By: GWIN, P.J., WISE, J., and EDWARDS, J., concur.