OPINION
{¶ 1} Defendant-appellant, Fredrick Matos, appeals the decision of the Belmont County Court, Northern Division, denying his appeal of an Administrative License Suspension (ALS).
 {¶ 2} On January 4, 2005, Trooper Thompson observed appellant speeding and driving left of center. Trooper Thompson initiated a traffic stop, at which time he suspected appellant of driving while intoxicated. Trooper Thompson administered field sobriety tests, then arrested appellant, took him back to the barracks, and charged him with operating a vehicle under the influence of alcohol (OVI) in violation of R.C. 4511.19(A)(1). Trooper Thompson read appellant the back of the Bureau of Motor Vehicles (BMV) Form 2255, or implied consent form, advising him of the consequences of failing or refusing to take a breathalyzer. Thereafter, Trooper Thompson asked appellant to take a breathalyzer test to determine the level of alcohol in his system and appellant refused. Appellant's license was suspended pursuant to the ALS provisions.
 {¶ 3} In order to show that necessary advisements are read to a defendant, the form must contain three signatures. One signature must be the defendant's attesting that the form was read and he received a copy. Another signature is that of the arresting officer stating that he read the form to a defendant. The last signature needed is that of a witness, usually another officer, who has observed that the arresting officer did in fact read the required advisements to the defendant.
 {¶ 4} Trooper Thompson and appellant both signed the complete form with all carbon copies. One of the carbon copies was then given to appellant. However, Trooper McDonald never signed the form attesting that Trooper Thompson read appellant the advisement until after appellant was already given a copy. Consequently, appellant's copy lacks the signature of a witness, while the other three copies including the one that went to the BMV and were filed with the court, all contain the signature of the witness, Trooper McDonald.
 {¶ 5} Appellant appealed the ALS to the Belmont County Court, Northern Division, arguing that he was not given a complete sworn copy in violation of R.C. 4511.192.[1] On February 9, 2005, a hearing was held on the ALS appeal. The witnesses consisted of appellant and Trooper Thompson. The only disputed fact pertains to what Trooper McDonald was doing at the time the form was read to appellant. Trooper Thompson testified Trooper McDonald was in the room watching him speak to appellant. Appellant testified that Trooper McDonald and other people were in the room, however, they were all busy with other work while Trooper Thompson read the form to him. Appellant recognizes that he understood these consequences at this time by testifying, "I do remember that Trooper Thompson stressed a point that, if I refused the test, my license would be suspended for one year, and I believe that that was — I tried to find — I read the particular section, he had marked it with a pen, Consequences of Test and Refusal, that's the top paragraph on the second page, and that was what was — that was what was stressed to me, yes, at the time." (Tr. 29.)
 {¶ 6} That same day, the trial court filed a journal entry overruling the appeal of the ALS. This appeal followed.
 {¶ 7} Appellant's sole assignment of error states:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN OVERRULING HIS APPEAL OF THE ADMINISTRATIVE LICENSE SUSPENSION"
 {¶ 9} The basis of appellant's argument is that Trooper McDonald did not properly witness the reading of BMV Form 2255 because he was not an active participant in the process and that his signature did not appear on appellant's copy of BMV Form 2255. Appellant argues that this omission demonstrates noncompliance with R.C. 4511.192 and, therefore, voids his ALS.
 {¶ 10} An individual whose license is subject to an ALS for refusal to submit to a breath test may appeal the ALS pursuant to R.C. 4511.197. R.C. 4511.197(C), formerly R.C. 4511.191(H), expressly limits the scope of the appeal "to determining whether one or more of the following conditions have not been met:
 {¶ 11} "(1) Whether the arresting law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle, streetcar, or trackless trolley in violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance or was in physical control of a vehicle, streetcar, or trackless trolley in violation of section 4511.194 of the Revised Code or a substantially equivalent municipal ordinance and whether the arrested person was in fact placed under arrest;
 {¶ 12} "(2) Whether the law enforcement officer requested the arrested person to submit to the chemical test or tests designated pursuant to division (A) of section 4511.191 of the Revised Code;
 {¶ 13} "(3) Whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test or tests;
 {¶ 14} "(4) Whichever of the following is applicable:
 {¶ 15} "(a) Whether the arrested person refused to submit to the chemical test or tests requested by the officer[.]"
 {¶ 16} In a similar case, State v. Drake (Feb. 27, 2002), 9th Dist. No. 01CA007885, Drake argued that a procedural defect in the form of the officer's failure to provide either him or the Registrar with a sworn report, as required by former R.C.4511.191(D)(1)(c), now R.C. 4511.192(D)(1)(d), voided his ALS. The Drake court set forth the criteria for appealing an ALS, as provided in former R.C. 4511.191(H), now R.C. 4511.197(C), and held that "[b]y limiting the appeal to these four areas, R.C.4511.191(H) [now R.C. 4511.197(C)] bars consideration of whether the procedures mandated by the statute [former R.C.4511.191(D)(1)(c), now 4511.192(D)(1)(d)] have been met." SeeDrake (citing Langen v. Caltrider (Aug. 20, 1998), 2d Dist. No. 17698). Essentially, the court held that the "arresting officer's failure to follow the correct notarization procedure did not fall within statutorily-limited areas which could be [the] basis of appeal of such suspension." See generally Drake,
supra.
 {¶ 17} In this case, appellant argues that the trial court erred in dismissing his motion because the statutory language found in R.C. 4511.192 mandates that the signature of a witness be on the form. Appellant further argues that Trooper McDonald did not properly witness the reading of BMV Form 2255 because he was not an active participant in the process and that his signature did not appear on appellant's copy of BMV Form 2255.
 {¶ 18} Appellant's argument does not relate to any of the four required conditions in order to allow the trial court to sustain his appeal. Appellant does not allege that the officer did not have reasonable grounds to arrest him. Additionally, appellant acknowledges that the remaining conditions were met — that Trooper Thompson asked him to take a breathalyzer test, read and emphasized the form to him, and that appellant still refused to take the test even though he fully understood the consequences. Furthermore the record fully supports that all four of the necessary conditions for an ALS appeal were met. Therefore, appellant has failed to meet his burden of proof that the record shows by a preponderance of the evidence that one of the conditions found in R.C. 4511.197(C) were not met.
 {¶ 19} Appellant argues that the arresting officer, Trooper Thompson, failed to comply with R.C. 4511.192 since appellant's copy lacked the signature of the witness, Trooper McDonald. Among other things, R.C. 4511.192 requires that a witness sign the form. This requirement does not fall within any one of the four required conditions to maintain an appeal under R.C. 4511.197(C). Again, as we concluded earlier, appellant's argument does not relate to any of the four required conditions that would have allowed the trial court to sustain his appeal. While we could end the inquiry there as the Ninth District did in Drake, supra, the provisions of R.C. 4511.192 are in place and in effect. So, in the interests of justice, we will proceed to address whether the lack of compliance with these provisions should have been cause for the trial court to sustain an ALS.
 {¶ 20} R.C. 4511.192 requires that a defendant under arrest for OVI be given written notice of the consequences in refusing to submit to a chemical test for determination of the level of alcohol in the body. The relevant section states:
 {¶ 21} "(A) The arresting law enforcement officer shall give advice in accordance with this section to any person under arrest for a violation of division (A) or (B) of section 4511.19 of the Revised Code * * *. The officer shall give that advice in a written form that contains the information described in division (B) of this section and shall read the advice to the person. The form shall contain a statement that the form was shown to the person under arrest and read to the person by the arresting officer. One or more persons shall witness the arresting officer's reading of the form, and the witnesses shall certify to this fact by signing the form.
 {¶ 22} "(E) The arresting officer shall give the officer's sworn report that is completed under this section to the arrested person at the time of the arrest * * *. An arresting officer may give an unsworn report to the arrested person at the time of the arrest provided the report is complete when given to the arrested person and subsequently is sworn to by the arresting officer. As soon as possible, but not later than forty-eight hours after the arrest of the person, the arresting officer shall send a copy of the sworn report to the court in which the arrested person is to appear on the charge for which the person was arrested."
 {¶ 23} The issue before this court of whether a passive witness or the lack of a witness' signature on appellant's copy of the BMV form for an ALS can sustain appellant's appeal is one of first impression.
 {¶ 24} In the case of State v. Haghighi (Aug. 30, 1996), 11th District No. 96-P0-012, the Eleventh District dealt with a similar issue when determining whether an ALS suspension can be upheld when appellant never receives a copy of the sworn report that is notarized. In that case, appellant was given an unsworn copy of the ALS form, notifying him that his driving privileges were suspended. However, appellant never received a sworn, notarized copy. Appellant argued that although he was informed of the consequences, his should not be subject to an ALS suspension because the officer failed to provide him with a notarized (completely sworn) form for his refusal to submit to a breathalyzer test. In Haghighi, appellant never disputed that he was informed, but instead argued that the lack of notarization of his form, as required by statute, voided his notification of the consequences. Subsequently, Haghighi held, "Here, the copy received by the arrested person, i.e., the appellant, can be challenged as to its authenticity. Its purpose is clearly ministerial, not jurisdictional. The statute appears to be drafted to ensure that the arrested person is provided adequate notice. Each of the provisions in R.C. 4511.191(D)(2) [now R.C.4511.192(E)] is designed to guarantee that a defendant is provided such notice. By its terms, R.C. 4511.191(D)(2) [now R.C.4511.192(E)] allows an officer to provide an unsworn report to the arrested person so long as the report is complete and is later sworn to by the officer. There is no jurisdictional requirement that the other options in R.C. 4511.191(D)(2) also be satisfied, as the arrested person has received full notice."
 {¶ 25} The form itself indicates that the purpose of requiring the signature of a witness is to ensure that appellant is read the consequences section of the form. Section F of the BMV Form 2255 states: "We the undersigned, certify that the advice prescribed by the General Assembly (under 4511.192), was shown to the person under arrest and read to him or her in the presence of the arresting officer and one other person."
 {¶ 26} Appellant's argument that he was not given a completed form, because it lacked the signature of a witness is inconsequential when the purpose behind the signature of the witness is adequately found in the record. Appellant was provided with ample adequate notice of the consequences of refusing to take the breathalyzer test. As stated before, appellant admits that the paragraph was read and that he understood the consequences of refusal. In addition, he testified that he was not only informed of the consequence of his driver's license being suspended upon refusal to take the test, but this consequence was emphasized to him. Lastly, appellant's argument that Trooper McDonald did not witness the reading of the form is discredited when it can be found that regardless of who may or may not have witnessed the reading of the form, appellant states that the form was read, and he understood it.
 {¶ 27} Furthermore, the Ohio Supreme Court reviewed a case in which an appellant appealed on the grounds that he was not properly advised of the consequences because the officer only read the language on the form, and did not inform him as to how long the suspension would be. City of Bryan v. Hudson (1997),77 Ohio St.3d 376, 674 N.E.2d 678. Subsequently, the Supreme Court held: "For purposes of establishing a valid consent or refusal to take a breath-alcohol-concentration test in the context of an administrative license suspension pursuant to R.C.4511.19, the notice requirement of R.C. 4511.191(C) [now 4511.192(B)] is satisfied by reading to the arrestee the language of R.C. 4511.191(C)(2)(b) [now 4511.192(B)] as set forth on the top portion of BMV Form 2255." Id. at the syllabus. In accordance with the Supreme Court's decision, appellant was properly advised and his consent was valid, in that he does not deny but admits he was read the top portion of the form and he fully understood the consequences of refusal.
 {¶ 28} Other courts in Ohio have held, pursuant to R.C.4511.192(F), that the BMV Form 2255 is only prima facia evidence tending to prove that the officer read the consequences of refusal to take the test. Upon an appeal, other evidence can prove that the officer did in fact read the consequences to an arrestee before suspending one's license pursuant to 4511.191.Langen v. Caltrider (Aug. 20, 1999), 2d Dist. No. 17698;Triguba v. Registrar, BMV (June 27, 1996), 10th Dist. No. 95APG11-1416.
 {¶ 29} R.C. 4511.192 (F) states: "The sworn report of an arresting officer completed under this section is prima-facieproof of the information and statements that it contains. It shall be admitted and considered as prima-facie proof of the information and statements that it contains in any appeal under section 4511.197 of the Revised Code relative to any suspension of a person's driver's or commercial driver's license or permit or nonresident operating privilege that results from the arrest covered by the report." [Emphasis added.]
 {¶ 30} In this case, the fact of whether appellant was read the form was not in dispute. Appellant's testimony in and of itself was enough to show that Trooper Thompson read and emphasized the consequences of appellant's refusal. Therefore, if the form were inadmissible at an ALS appeal, because it lacks the signature of a witness, it could not serve as prima facia evidence that the officer read the mandatory notifications of refusal. However, the record still contains more than enough evidence to find that appellant was read the form, and the ALS was justly upheld.
 {¶ 31} In sum, there was only one instance of non-compliance with the statutory provision cited by appellant. That provision is regulatory in nature. There is ample evidence that the purpose of that provision, i.e., notice, was well served and the lack of Trooper McDonald's signature on appellant's copy of the BMV Form 2255 was inconsequential and nonprejudicial to appellant.
 {¶ 32} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 33} The judgment of the trial court is hereby affirmed.
Waite, J., concurs
DeGenaro, J., concurs
[1] This section was formerly located under R.C. 4511.191. R.C.4511.197(C) parallels former R.C. 4511.191(H).