[Cite as *State v. Noster*, 2011-Ohio-2730.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-100660 |
| | | TRIAL NO. 10TRC-43844C |
| Plaintiff-Appellant, | : | |
| | | *D E C I S I O N.* |
| vs. | : | |
| MEGAN NOSTER, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 8, 2011

*John Curp*, City Solicitor, *Ernest F. McAdams, Jr.*, City Prosecutor, and *Lura Clark Teass*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Jeffrey C. Meadows*, for Defendant-Appellee.

Please note:  This case has been removed from the accelerated calendar.

SYLVIA S. HENDON, **Judge.**

{¶1}    Defendant-appellant Megan Noster was arrested for operating a motor vehicle while under the influence of alcohol ("OVI").  After stopping Noster and transporting her back to the police department, Cincinnati Police Officer Barbara Ruff read Noster the top section of BMV Form 2255 and requested that Noster submit to a breath-alcohol-concentration test.  Noster refused to submit to this test.  Consequently, Noster was placed under a two-year administrative license suspension ("ALS").

{¶2}    Noster appealed her ALS to the trial court.  She argued that Officer Ruff had failed to provide her with accurate information regarding the consequences of refusing to submit to a breath test.  Specifically, she argued that the BMV form contained inaccurate information regarding the length of the applicable suspension.  Under current law, Noster faced a two-year ALS because of a prior conviction.  But the form provided to Noster indicated at the bottom that Noster only faced a one-year ALS with her prior conviction.

{¶3}    The trial court found that "the form consequences failed to include notice of the BMV administrative suspension which are onerous consequences," and that Noster's refusal had been defective.  The trial court then vacated Noster's ALS.

{¶4}    The city has appealed from the trial court's order vacating Noster's ALS.  In its first two assignments of error, the city argues that the trial court erred in finding that BMV Form 2255 failed to advise and adequately warn Noster of the consequences of refusing to submit to a breath test.  We address these assignments together.

{¶5} R.C. 4511.192 concerns submission or refusal to submit to tests following an arrest for OVI. Subdivision (B) of the statute provides that, before requesting an arrestee to submit to a chemical test, an officer must read the following: "You now are under arrest for [the specific offense for which the person was arrested]. If you refuse to take any chemical test required by law, your Ohio driving privileges will be suspended immediately, and you will have to pay a fee to have the privileges reinstated. If you have a prior of OVI, OVUAC, or operating a vehicle while under the influence of a listed controlled substance or a listed metabolite of a controlled substance conviction under state or municipal law within the preceding twenty years, you now are under arrest for state OVI, and, if you refuse to take a chemical test, you will face increased penalties if you subsequently are convicted of the state OVI* * * If you take a chemical test, you may have an independent chemical test taken at your own expense."

{¶6} The language read by Officer Ruff from BMV Form 2255 was verbatim the language contained in R.C. 4511.192(B). The fact that BMV Form 2255 contained incorrect information regarding length of suspension in a different section placed lower on the form that was not read aloud to Noster is of no effect and does not detract from the adequacy of the information provided to Noster concerning the consequences of refusal. In *Bryan v. Hudson*,[1] the Ohio Supreme Court clearly held that, when informing an arrestee of the consequences of refusing to submit to a chemical test, an officer need not inform the arrestee of the exact length of the ALS faced.

---

[1] *Bryan v. Hudson,* 77 Ohio St.3d 376, 380, 1997-Ohio-261, 674 N.E.2d 678.

{¶7}   In reaching its conclusion, the *Hudson* court noted the many factors needed by an officer to determine the length of an ALS in a particular case.[2]   The court stated that "[t]hese convoluted, detailed requirements are almost impossible to assess accurately in the arrest setting and, we believe, were intended by the legislature to be determinations made by a court at the time of the ALS hearing."[3] Contrary to Noster's assertion, we find that these concerns noted by the *Hudson* court are still relevant in today's setting.

{¶8}   We hold that the arresting officer was not required to inform Noster of the exact length of her potential ALS, and that the officer complied with the requirements of R.C. 4511.192(B) by reading the top portion of BMV Form 2255. Noster was adequately informed of the consequences of refusing to submit to a breath test and the trial court erred in concluding otherwise.   The first two assignments of error are sustained.

{¶9}   In its third assignment of error, the city argues that the trial court improperly terminated Noster's ALS.

{¶10}  R.C. 4511.197 governs the appeal of an ALS.   In such an appeal, the trial court's review is limited to determining whether one or more of the following conditions have been met:  whether the arresting officer had reasonable grounds to believe that the arrestee had been driving while under the influence of alcohol or with a prohibited concentration of alcohol in the person's blood, breath, or urine; whether the defendant was placed under arrest; whether the arresting officer requested that the arrestee submit to a chemical test; whether the arresting officer informed the arrestee of the consequences of refusing or submitting to a chemical

[2] Id.
[3] Id.

4

test; and whether the arrestee either refused to submit to a chemical test or submitted to the test and failed it.[4] If the trial court finds that each of these conditions has been met, the ALS must be upheld.

{¶11} In this case, the trial court found that Noster had not been informed of the consequences of refusal. We have already determined that this finding was in error. The trial court made no other findings in its entry with respect to the conditions listed above. And the city failed to file a transcript of the proceedings before the trial court, so this court cannot determine whether the trial court was presented with evidence concerning the remaining conditions. Nor can we review whether these conditions were met. Consequently, we remand this case for the trial court to conduct a hearing to determine whether, pursuant to R.C. 4511.197(C), the necessary conditions have been met to uphold Noster's ALS. On remand, the trial court must accept our determination that the arresting officer adequately informed Noster of the consequences of refusal.

{¶12} Should the trial court find that each condition in R.C. 4511.197(C) has been met, the court must then determine the length of Noster's ALS. Then Noster's argument with respect to the incorrect information on BMV Form 2255 becomes relevant. Specifically, the court must determine whether Noster is subject to a two-year ALS based on her prior conviction, or whether, because of the incorrect language on BMV Form 2255, only a one-year ALS may be imposed upon Noster. The third assignment of error is accordingly sustained.

{¶13} The judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with this decision.

---

[4] R.C. 4511.197(C). See, also, *Eastlake v. Komes*, 11th Dist. No. 2009-L-096, 2010-Ohio-2411, ¶¶16-17.

5

Judgment reversed and cause remanded.

**DINKELACKER, P.J.,** and **SUNDERMANN, J.,** concur.

Please Note:

The court has recorded its own entry on the date of the release of this decision.