**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Stolz v. J & B Steel Erectors, Inc.,* Slip Opinion No. 2016-Ohio-1567.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1567

STOLZ *v*. J & B STEEL ERECTORS, INC., ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Stolz v. J & B Steel Erectors, Inc.*, Slip Opinion No. 2016-Ohio-1567.]**

*Workers' compensation—Immunity from tort claims—Self-insured construction projects—R.C. 4123.35(O)—Subcontractors enrolled in a self-insured-construction-project plan are immune from tort claims made by other enrolled subcontractors' employees who are injured or killed while working on the self-insured construction project and whose injury, illness, or death is compensable under Ohio's workers' compensation law.*

(No. 2015-0628—Submitted December 2, 2015—Decided April 19, 2016.)

ON ORDER from the United States District Court for the Southern District of Ohio, Western Division, Certifying a Question of State Law, No. 1:14-cv-44.

_____

**O'CONNOR, C.J.**

{¶ 1} This case is before us on the certification of a state-law question by the United States District Court for the Southern District of Ohio, Western Division. The federal court asks that we determine whether Ohio's workers' compensation laws, specifically R.C. 4123.35 and 4123.74, provide immunity to a subcontractor enrolled in a self-insured construction-project plan from a tort claim for workplace injury by an employee of another enrolled subcontractor on the same project.

{¶ 2} The unambiguous language of R.C. 4123.35 and 4123.74 compels our conclusion that subcontractors enrolled in a self-insured-construction-project plan are immune from tort claims made by the employees of other enrolled subcontractors who are injured or killed while working on the self-insured construction project and whose injury, illness, or death is compensable under Ohio's workers' compensation law. We therefore answer the certified state-law question in the affirmative.

## RELEVANT BACKGROUND

{¶ 3} The federal court provided the following facts and allegations from which the question of law arises.

{¶ 4} The plaintiff in the underlying action, Daniel Stolz, worked as a concrete finisher for Jostin Construction, Inc. ("Jostin") at the Horseshoe Casino construction project in Cincinnati ("Casino Project"). Messer Construction Company ("Messer") was the general contractor for the Casino Project, and Jostin was a subcontractor.

{¶ 5} An accident on the job site injured Stolz, who brought negligence claims against Messer and against subcontractors J & B Steel Erectors ("J & B Steel"), Terracon Consultants, Inc. ("Terracon"), Pendleton Construction Group, L.L.C. ("Pendleton"), D.A.G. Construction Co., Inc. ("D.A.G."), and TriVersity Construction Co., L.L.C. ("TriVersity"). Stolz claims each of the defendants had responsibilities related to the construction project.

{¶ 6} Prior to the accident, Messer had applied for and obtained authority from the Ohio Bureau of Workers' Compensation ("BWC") to act as the self-insuring employer on the project under R.C. 4123.35(O). In that role, Messer was responsible for providing workers' compensation coverage for its own employees as well as the employees of enrolled subcontractors working on the Casino Project, including Jostin, J & B Steel, D.A.G., and TriVersity.

{¶ 7} Messer, J & B Steel, D.A.G., and TriVersity[1] moved for summary judgment on the basis that they were immune from Stolz's negligence claims under Ohio's workers' compensation laws, specifically R.C. 4123.35 and 4123.74. The district court granted summary judgment to the general contractor, Messer, as the self-insuring employer on the Casino Project. But the court denied summary judgment to subcontractors J & B Steel, D.A.G., and TriVersity, finding that an enrolled subcontractor on a self-insured construction project is immune only from claims made by its own employees and not from those made by employees of fellow enrolled subcontractors.

## THE QUESTION OF STATE LAW

{¶ 8} Following the summary-judgment decision, J & B Steel, D.A.G., and TriVersity moved the federal court to certify a question of state law to this court. The federal court granted the motion and certified to us the following question:

> Whether Ohio Rev. Code §§ 4123.35 and 4123.74 provide immunity to subcontractors enrolled in a Workers' Compensation self-insurance plan from tort claims made by employees of [other] enrolled subcontractors injured while working on the self-insured project.

---

[1] J & B Steel, Messer, D.A.G., and TriVersity are the petitioners in this action. Terracon and Pendleton, who were not enrolled subcontractors, did not assert an immunity defense.

(Brackets sic.) We accepted the question, 142 Ohio St.3d 1515, 2015-Ohio-2341, 33 N.E.3d 64, and granted Messer's motion to be designated as a petitioner alongside the three petitioning subcontractors, 143 Ohio St.3d 1423, 2015-Ohio-3021, 34 N.E.3d 935.

## ANALYSIS

### *Applicable canons of statutory construction*

{¶ 9} When a court interprets the meaning of a statute, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage," R.C. 1.42, and the court must give effect to all of the statute's words, *Bryan v. Hudson*, 77 Ohio St.3d 376, 380, 674 N.E.2d 678 (1997). "If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary." *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). Additionally, a court must give effect to the natural and most obvious import of a statute's language, avoiding any subtle or forced constructions. *Ohio Neighborhood Fin., Inc. v. Scott*, 139 Ohio St.3d 536, 2014-Ohio-2440, 13 N.E.3d 1115, ¶ 22.

### *Ohio's statutory scheme for workers' compensation*

{¶ 10} Ohio's workers' compensation scheme is codified in Chapter 4123 of the Revised Code.

{¶ 11} R.C. Chapter 4123 requires most employers to pay premiums into the state insurance fund that administers and pays out workers' compensation claims. R.C. 4123.35(A). In return for these premium payments, an employer, in most cases, receives immunity from claims for common-law and statutory damages made by its employees "for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment" or for any resulting death. R.C. 4123.74.

**{¶ 12}** Ohio's workers' compensation law contains a special carve-out for "self-insuring employers," who do not pay into the state insurance fund. R.C. 4123.35(B). Employers eligible for the carve-out "may be granted the privilege to pay individually compensation, and furnish medical, surgical, nursing, and hospital services and attention and funeral expenses directly to injured employees or the dependents of killed employees." *Id.* In return for providing this coverage, self-insuring employers receive the same protections against employee claims as those paying into the state fund. R.C. 4123.74.

**{¶ 13}** At issue in this case is a specific class of self-insuring employers recognized in the workers' compensation scheme: those involved in a construction project that is "scheduled for completion within six years after the date the project begins" and has total estimated costs in excess of $100 million. R.C. 4123.35(O). As Messer did with respect to the Casino Project, the general contractor of a qualifying construction project may seek to self-insure the project and provide workers' compensation coverage for its own employees as well as the employees of "[a]ll contractors and subcontractors who perform labor or work or provide materials for the construction project" or "[a]ll contractors and * * * a substantial number of all the subcontractors who perform labor or work or provide materials for the construction project." R.C. 4123.35(O). In return for providing this coverage and satisfying other related statutory obligations, the self-insuring employer gains protection against claims arising from the work-related injury or death of any of its own employees as well as the employees of any subcontractors that are enrolled in the self-insurance plan. R.C. 4123.35 and 4123.74.

**{¶ 14}** A subcontractor who enrolls in the contractor's self-insurance program does not pay workers' compensation premiums to the state for the payroll that it reports for work performed at the construction site by covered employees. R.C. 4123.35(O). According to Stolz, subcontractors interested in enrolling in the self-insurance program deduct their costs for workers' compensation premiums

from their bids to the contractor because this expense will be undertaken by the self-insured employer for the project.

*Application of R.C. Chapter 4123 to the certified question*

{¶ 15} The parties agree that a general contractor that is a self-insuring employer on the project receives immunity from suits by its own employees as well as the employees of enrolled subcontractors arising from injuries or death occurring in the course of work on the project. It is also undisputed that the subcontractor who actually employs a worker who is injured or killed on the job is protected from that worker's claims. At issue here is whether an enrolled subcontractor is subject to claims by an employee of a different enrolled subcontractor working on the same self-insured construction project.

{¶ 16} In support of his argument that enrolled subcontractors are not immune from suits by other enrolled subcontractors' employees on the project, Stolz relies on the placement of the apostrophes in the phrase "contractor's or subcontractor's" in the following portion of R.C. 4123.35(O):

> The contractors and subcontractors included under a certificate issued under this division are entitled to the protections provided under this chapter and Chapter 4121. of the Revised Code with respect to *the contractor's or subcontractor's* employees who are employed on the construction project which is the subject of the certificate, for death or injuries that arise out of, or death, injuries, or occupational diseases that arise in the course of, those employees' employment on that construction project.

(Emphasis added). Stolz argues that because the italicized phrase employs singular possessive nouns, each subcontractor is protected only from claims brought by its own employees.

**{¶ 17}** Petitioners contend that all subcontractors enrolled in the construction project's self-insurance plan are immune from suit by any covered employee. They rely on a different portion of the same paragraph, stating, "[C]ontractors and subcontractors included under a certificate issued under this division are entitled to the protections provided under this chapter * * *." *Id.* Petitioners argue that this statutory language does not explicitly limit immunity to the employer-subcontractor and the self-insuring general contractor. Instead, they assert, it offers expansive protection against claims from the employee of any enrolled subcontractor against any other enrolled subcontractor. We find that the key to answering the certified question lies in R.C. 4123.35(O), though the relevant passage is not quoted by the parties.

**{¶ 18}** Amid the complex statutory framework for workers' compensation, the General Assembly has created a legal fiction in which the contractor who is the "self-insuring employer" is the legal employer, for workers' compensation purposes, of all employees of enrolled subcontractors who are engaged in work at the construction site.

**{¶ 19}** R.C. 4123.35(O) provides:

A self-insuring employer who complies with this division is entitled to the protections provided under this chapter and Chapter 4121. of the Revised Code with respect to the employees of the contractors and subcontractors covered under a certificate issued under this division for death or injuries that arise out of, or death, injuries, or occupational diseases that arise in the course of, those employees' employment on that construction project, *as if the employees were employees of the self-insuring employer * * *.*

(Emphasis added.) It is with this language that the General Assembly established the legal fiction that the self-insuring employer is the employer of *all* covered employees, including employees of enrolled subcontractors, for purposes of workers' compensation. That fiction is reiterated later in R.C. 4123.35(O) with the instruction that "[t]he contractors and subcontractors included under a certificate issued under this division shall identify in their payroll records the employees *who are considered the employees of the self-insuring employer listed in that certificate for purposes of this chapter * * *.*" (Emphasis added).

{¶ 20} When R.C. 4123.35(O) is read in conjunction with R.C. 4123.74, as it must be, *see Bryan v. Hudson*, 77 Ohio St.3d 376, 380, 674 N.E.2d 678 (1997), the statute provides that the self-insuring employer, who through the legal fiction is the only employer on the project, will "not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of" work on the self-insured construction project, R.C. 4123.74.

{¶ 21} It is also through this legal fiction that the General Assembly gives effect to the provision in the law that "[t]he contractors and subcontractors included under a certificate issued under this division are entitled to the protections provided under this chapter * * *." As described above, R.C. 4123.35(O) provides that for the purpose of workers' compensation matters, the employer of all workers on the self-insured construction project is the self-insuring employer. Thus, the General Assembly has made clear that for purposes of workers' compensation, enrolled subcontractors do not have employees working on the construction project. Accordingly, those subcontractors cannot be liable for the workplace injuries of their own employees on the construction project under the workers' compensation scheme—the general contractor is the responsible party.

{¶ 22} Ohio law also limits recovery through tort law by employees or their families for workplace injury or death from any enrolled subcontractor on the

project, to the same extent that recovery is limited by workers' compensation law. This is true because under the law an employee "who is injured as a result of a co-employee's negligent acts, who applied for benefits under Ohio's workers' compensation statutes, and whose injury is found to be compensable thereunder is precluded from pursuing any additional common-law or statutory remedy against such co-employee." *Kaiser v. Strall*, 5 Ohio St.3d 91, 449 N.E.2d 1 (1983), paragraph one of the syllabus. *See also* R.C. 4123.741. Accordingly, a worker who may be compensated with workers' compensation benefits is prevented from suing a co-employee (any other employee on the job site who is enrolled in the self-insuring employer's plan), and thus the worker cannot seek to hold the co-employee's actual employer vicariously liable in order to recover damages in tort. *See Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, ¶ 22 ("a principal is vicariously liable only when an agent could be held directly liable").

***Stolz's Argument***

**{¶ 23}** In reaching this conclusion, we are mindful of the language on which Stolz focuses his argument:

> The contractors and subcontractors included under a certificate issued under this division are entitled to the protections provided under this chapter and Chapter 4121. of the Revised Code with respect to the contractor's or subcontractor's employees who are employed on the construction project which is the subject of the certificate, for death or injuries that arise out of, or death, injuries, or occupational diseases that arise in the course of, those employees' employment on that construction project.

R.C. 4123.35(O). That language relates to the scope of protection a subcontractor enjoys through the self-insurance program. The next sentence also relates to the limited class of covered employees: "[t]he contractors and subcontractors included under a certificate issued under this division shall identify in their payroll records the employees who are considered the employees of the self-insuring employer listed in that certificate for purposes of this chapter * * *." *Id.*

{¶ 24} Read in context with the entirety of R.C. 4123.35(O), the import of this language is to clarify that only those employees working on the covered construction project are included in the self-insurance program and that they are covered only while they are engaged in work for the construction project. The fact that a subcontractor is covered under the certificate for the self-insured construction project does not exempt the subcontractor from its independent obligation to obtain workers' compensation coverage for those employees who are not working on the construction project. Thus, the only reasonable interpretation of "contractor's or subcontractor's employees" in R.C. 4123.35(O), on which Stolz relies, is as a limitation on which employees are covered under the self-insurance plan, not which employers are entitled to immunity.

{¶ 25} Because our interpretation is based on the plain, unambiguous language of the statute, we do not delve into the legislative history of the pertinent provisions. *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus ("An unambiguous statute is to be applied, not interpreted").

{¶ 26} Nor may we reach Stolz's policy argument that the social bargain of workers' compensation begins to break down when a construction project is self-insured. Although we recognize that it has some merit, that argument must be directed to the General Assembly, rather than to this court.

## CONCLUSION

{¶ 27} We conclude that R.C. 4123.35 and 4123.74 create a legal fiction that a self-insuring employer for a self-insured construction project is the single

employer, for workers' compensation purposes, of all employees working for enrolled subcontractors on that project. Accordingly, Ohio's workers' compensation scheme provides immunity to subcontractors enrolled in a self-insured construction project from the claims of employees of other enrolled subcontractors who are injured or killed while working on the project, provided that the injury, illness, or death is compensable under Ohio's workers' compensation laws. Thus, we answer the certified state-law question in the affirmative.

So answered.

O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., dissents with an opinion that PFEIFER, J., joins.

_____

**FRENCH, J., dissenting.**

{¶ 28} I respectfully dissent from the majority opinion. I agree that if the meaning of the statute is unambiguous and definite, we must apply it, and we need not interpret it further. *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). In my view, however, the correct analysis of R.C. 4123.35(O) does not require that any paragraph perform double duty in delineating the workers' compensation status of the self-insuring employer, enrolled contractors and subcontractors, and employees of the enrolled contractors and subcontractors. Instead, each of four sequential paragraphs in R.C. 4123.35(O) sets up an aspect of the workers' compensation scheme applicable to self-insured construction projects.

{¶ 29} The sixth paragraph of R.C. 4123.35(O) creates a legal fiction in which the self-insuring employer is the employer of every enrolled contractor and subcontractor's employees for workers' compensation purposes. It says:

> A self-insuring employer who complies with this division is
> entitled to the protections provided under this chapter and Chapter

4121. of the Revised Code with respect to the employees of the contractors and subcontractors covered under a certificate issued under this division for death or injuries that arise out of, or death, injuries, or occupational diseases that arise in the course of, those employees' employment on that construction project, *as if the employees were employees of the self-insuring employer*, provided that the self-insuring employer also complies with this section. No employee of the contractors and subcontractors covered under a certificate issued under this division shall be considered the employee of the self-insuring employer listed in that certificate for any purposes other than this chapter and Chapter 4121. of the Revised Code. Nothing in this division gives a self-insuring employer authority to control the means, manner, or method of employment of the employees of the contractors and subcontractors covered under a certificate issued under this division.

(Emphasis added.) R.C. 4123.35(O).

{¶ 30} R.C. 4123.35(O) requires the self-insuring employer to administer and pay these employees' eligible workers' compensation claims. In return, the self-insuring employer receives protection from negligence suits. In short, workers' compensation benefits are an employee's exclusive remedy against the self-insuring employer. *See Freese v. Consol. Rail Corp.*, 4 Ohio St.3d 5, 7, 445 N.E.2d 1110 (1983), citing Ohio Constitution, Article II, Section 35.

{¶ 31} The next paragraph—the one the parties primarily contest—extends the protections of R.C. Chapter 4121 and 4123 to the enrolled contractors and subcontractors. But it specifies that each enrolled contractor or subcontractor receives this protection with respect solely to *its own* employees. It provides:

The *contractors and subcontractors* included under a certificate issued under this division are entitled to the protections provided under this chapter and Chapter 4121. of the Revised Code with respect to *the contractor's or subcontractor's employees who are employed on the construction project which is the subject of the certificate*, for death or injuries that arise out of, or death, injuries, or occupational diseases that arise in the course of, those employees' employment on that construction project.

(Emphasis added.) R.C. 4123.35(O) (seventh paragraph).

{¶ 32} This provision is necessary because the enrolled contractors and subcontractors do not actually pay workers' compensation premiums for their employees on the project. But the contractors and subcontractors' employees remain employees of the contractor and subcontractor employers—even for workers' compensation purposes—because the contractors and subcontractors retain "the right to control the manner or means of performing the work." *Daniels v. MacGregor Co.*, 2 Ohio St.2d 89, 206 N.E.2d 554 (1965), syllabus; R.C. 4123.35(O) (sixth paragraph, discussing self-insuring employer's protections under R.C. Chapters 4121 and 4123). And generally, to get the protection of the workers' compensation statutes—immunity from common-law or statutory damages—an employer must pay into the state insurance fund for its employees. *Daniels* at the syllabus, citing Ohio Constitution, Article II, Section 35, and R.C. 4123.74. Therefore, only the language of the seventh paragraph of R.C. 4123.35(O) extends the protections of R.C. Chapters 4121 and 4123 to these actual employers who do not pay into the state insurance fund. That is, the statute creates a second legal fiction in which the contractor or subcontractor employers receive the benefits of the workers' compensation system without directly contributing to it.

**{¶ 33}** The next paragraph limits the self-insuring employer's workers' compensation responsibility to those employees who actually work on a particular project. It begins:

> The contractors and subcontractors included under a certificate issued under this division shall identify in their payroll records the employees who are considered the employees of the self-insuring employer listed in that certificate for purposes of this chapter and Chapter 4121. of the Revised Code, and the amount that those employees earned for employment on the construction project that is the subject of that certificate.

R.C. 4123.35(O) (eighth paragraph).

**{¶ 34}** This paragraph provides the mechanism that limits the self-insuring employer's responsibility for administering and paying workers' compensation claims to the enrolled contractors' and subcontractors' employees who actually work on the self-insured construction project. It accomplishes this by requiring the enrolled contractors and subcontractors to identify in their payroll records their employees who, under the statute's legal fiction, are considered employees of the self-insuring employer.

**{¶ 35}** The next and, for our purposes, final paragraph of R.C. 4123.35(O) confirms that fellow-servant immunity does not bar employees of one enrolled contractor or subcontractor from suing employees of another enrolled contractor or subcontractor. In short, this paragraph preserves an employee's right to sue tortfeasors employed by other enrolled contractors or subcontractors. The majority fails to consider this provision. It provides:

> Nothing in this division shall be construed as altering the rights of employees under this chapter and Chapter 4121. of the Revised Code as those rights existed prior to September 17, 1996. Nothing in this division shall be construed as altering the rights devolved under sections 2305.31 and 4123.82 of the Revised Code as those rights existed prior to September 17, 1996.

R.C. 4123.35(O) (ninth paragraph).

{¶ 36} By its plain language, this provision preserves an injured employee's rights as they existed prior to September 17, 1996—the effective date of Sub.H.B. No. 245, 146 Ohio Laws, Part II, 2955, which first introduced provisions substantially similar to those now contained in R.C. 4123.35(O), *id*. at 2971-2976. Then, as now, a worker who was injured on the job and who received workers' compensation benefits from his employer's participation in the workers' compensation system could sue a tortfeasor who was employed by a different employer, subject to the subrogation rights of the workers' compensation administrator or a self-insuring employer. *See* R.C. 4123.931 (enacted in 1995, Am.Sub.H.B. No. 278, 146 Ohio Laws, Part II, 3581, 3595-3597; setting forth rights of subrogation with respect to a workers' compensation claimant's claims against third-party tortfeasors); R.C. 4123.93 (defining claimant, statutory subrogee, and third party for purposes of subrogation provision). Therefore, an injured employee of one enrolled contractor or subcontractor may sue an employee of another enrolled contractor or subcontractor who caused the injury, as if the legal fiction created in R.C. 4123.35(O) did not exist.

{¶ 37} In short, based on a comprehensive reading of the relevant provisions, I disagree with the majority's ultimate holding that R.C. 4123.35(O) and 4123.74 preclude the employees of one enrolled contractor or subcontractor from suing in tort employees of another contractor or subcontractor—and

recovering from the other contractor or subcontractor under respondeat superior principles. Because I would answer the certified question in the negative, I dissent.

PFEIFER, J., concurs in the foregoing opinion.

_____

Goodson & Co. and Brett C. Goodson, for respondent.

Kohnen & Patton, L.L.P., and Colleen M. Blandford, for petitioner J & B Steel Erectors, Inc.

Patsfall, Yeager & Pflum, L.L.C., Susan M. Falyer, Stephen M. Yeager, and Stephen J. Patsfall, for petitioners D.A.G. Construction Co., Inc., and TriVersity Construction Co., L.L.C.

Green & Green, Jane M. Lynch, and Jared A. Wagner, for petitioner Messer Construction Co.

_____