[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Onderko v. Sierra Lobo, Inc.,* Slip Opinion No. 2016-Ohio-5027.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5027

ONDERKO, APPELLEE, *v.* SIERRA LOBO, INC., APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Onderko v. Sierra Lobo, Inc.,* Slip Opinion No. 2016-Ohio-5027.]

*Workers' compensation—R.C. 4123.90—Action for retaliatory discharge—Prima facie case for retaliatory discharge does not include proof that plaintiff suffered workplace injury.*

(Nos. 2014-1881 and 2014-1962—Submitted October 28, 2015—Decided July 21, 2016.)

APPEAL from and CERTIFIED by the Court of Appeals for Erie County, No. E-14-009, 2014-Ohio-4115.

_____

**SYLLABUS OF THE COURT**

The necessary elements of a prima facie case of retaliatory discharge under R.C. 4123.90 do not include proof that the plaintiff suffered a workplace injury.

_____

**O'NEILL, J.**

{¶ 1} In this discretionary appeal and certified-conflict case, we will determine whether establishing a prima facie case of retaliatory discharge under R.C. 4123.90 requires a showing that the plaintiff suffered a workplace injury. Based on the plain language of R.C. 4123.90, we hold that it does not. Accordingly, we affirm the judgment of the Sixth District Court of Appeals.

**Facts and Procedural History**

{¶ 2} Appellee, Michael P. Onderko, was hired as a full-time engineering tech with appellant, Sierra Lobo, Inc., in November 15, 2010. On August 9, 2012, Onderko was moving office furniture with two other employees when his right knee started to hurt. As a result of this pain, Onderko left work early. On his way home, Onderko stopped at a gas station, and his knee gave out as he stepped off a curb. Onderko drove home, and his wife took him to the emergency room. Onderko did not tell the emergency-room doctor that his knee had started hurting at work. He told the doctor only about the curb incident at the gas station. He did not mention the pain at work because he knew that Sierra Lobo was very concerned about its safety record and he was afraid of losing his job.

{¶ 3} The emergency-room doctor referred Onderko to an orthopedic specialist. As a result, Onderko visited Dr. Jeffrey A. Biro on August 10, 2012. The history section of Dr. Biro's Clinic Note indicates that Onderko had injured his knee six weeks before and that he had self-treated, resolving the injury over several weeks' time with ice, rest, and the use of crutches. Dr. Biro's note then states that Onderko went on with the activities of daily living until his knee "completely let go" as he was climbing a curb.

{¶ 4} Onderko asserts that the information in Dr. Biro's clinic note is incorrect. He asserts that he told Dr. Biro that his previous knee injury was to his other knee. There was no previous injury to his right knee, the knee at issue in this case. He further asserts that he attempted to get Dr. Biro to change the note, but

Dr. Biro refused to speak with him once he discovered that Onderko was pursuing a workers' compensation claim.

{¶ 5} On Friday, August 10, 2012, the same day as his visit with Dr. Biro, Onderko called Sierra Lobo to request light-duty work due to his knee injury. A human-resources generalist for Sierra Lobo avers that when she asked Onderko whether his injury had occurred at work, Onderko told her it had not, that he had been having problems with it for a while. Onderko disputes this statement. He asserts that he never told her that his injury did not occur at work.

{¶ 6} On Monday, August 13, 2012, Onderko again inquired whether he could return to work on light-duty status, mentioning that he had taken some prescription pain medication. David Hamrick, the Corporate Director of Human Resources, told Onderko that he could not return to work because of the medication. On that same day, Onderko filed a First Report of Injury ("FROI") with the Ohio Bureau of Workers' Compensation ("BWC") alleging that his right knee had been injured while lifting and pushing equipment. Onderko avers that he filed the FROI because Dave Hamrick told him he did not believe that the injury was a work injury, and Onderko wanted to be sure the injury was documented as work-related. The record includes "Incident/Close Call Witness Statements" from three Sierra Lobo employees that, taken together, corroborate that Onderko tried to secure light-duty work following the August 9, 2012 injury, that he had mentioned a prior knee injury, and that Dave Hamrick did not believe that Onderko's injury was work-related.

{¶ 7} On September 6, 2012, at the request of the BWC, Dr. Nicholas Ahn, an orthopedic surgeon, reviewed Onderko's medical file. Dr. Ahn's clinical summary states that the sprain/strain to the right knee was directly related to the injury that occurred on August 9, 2012. The doctor further opined that the August 9 injury was separate from the injury Onderko had suffered six weeks before, and

there was no evidence that any earlier injury was aggravated by the August 9 incident.

{¶ 8} On September 10, 2012, the BWC denied Onderko's claim for benefits. The order states that Onderko failed to meet his burden of proof based on the notes from Dr. Biro and the notes from the emergency-room visit. The BWC order notes that Dr. Biro was to send a corrected statement that was never received, and the physician review, apparently Dr. Ahn's, had also not been received.

{¶ 9} One day later, on September 11, 2012, the BWC vacated its September 10 order and allowed Onderko's claim based on the physician review of Dr. Ahn. On September 21, 2012, BWC issued an order granting Onderko temporary-total-disability payments from August 10, 2012, through August 28, 2012. The order notes that Onderko was released to return to work on August 29, 2012. On October 4, 2012, Sierra Lobo appealed BWC's September 21 order to the Industrial Commission.

{¶ 10} Following a hearing on October 31, 2012, a district hearing officer vacated the September 21 order and denied Onderko's claim in its entirety, finding that Onderko did not sustain an injury in the course of his employment as alleged. According to the order dated November 6, 2012, the denial was based on the records from Dr. Biro as well as the records from the emergency room, Onderko's testimony at the hearing denying any right-knee problems prior to the August 9 injury, which the hearing officer found to be implausible, and various witness statements. Onderko did not appeal this decision. Onderko states that he did not appeal because by the time he received the order he was already back at work, he wanted the ordeal to be over, and he needed his job.

{¶ 11} Onderko was terminated from Sierra Lobo on December 12, 2012, for his "deceptive" attempt to obtain workers' compensation benefits for a non-work-related injury. Onderko avers that he had no idea that Sierra Lobo was considering firing him, that during his time as an employee for Sierra Lobo he

4

received performance bonuses and had no discipline or unexcused absences, and that he was never investigated for or charged with workers' compensation fraud.

{¶ 12} On March 8, 2013, Onderko filed a complaint in the Erie County Court of Common Pleas asserting that Sierra Lobo violated R.C. 4123.90 when it terminated his employment for pursuing his workers' compensation claim. The complaint alleged that on August 9, 2012, Onderko sustained a work-related injury while employed by Sierra Lobo, that as a result of that injury Onderko filed a workers' compensation claim, and that because Onderko filed the claim, Sierra Lobo retaliated against Onderko by terminating his employment.

{¶ 13} In its motion for summary judgment Sierra Lobo argued that to establish a prima facie case of retaliation under R.C. 4123.90 and under this court's decision in *Wilson v. Riverside Hosp.*, 18 Ohio St.3d 8, 479 N.E.2d 275 (1985), the plaintiff must demonstrate that the underlying claim for benefits involved a work-related injury. The employer further asserted that because a district hearing officer of the Ohio Industrial Commission determined that Onderko's injury was not work-related, res judicata prevents Onderko from relitigating whether his injury was work-related. Thus, according to the employer's position, Onderko's retaliation claim must fail as a matter of law.

{¶ 14} In opposition to the motion for summary judgment, Onderko argued that it is the filing of the workers' compensation claim, not the allowance of the claim, that triggers the statutory protection from discharge, and Sierra Lobo misstated the law in asserting that a plaintiff must actually prevail in his or her workers' compensation claim in order to establish retaliation under R.C. 4123.90 and *Wilson*.

{¶ 15} The trial court granted summary judgment in favor of employer Sierra Lobo.

{¶ 16} Onderko appealed, and the Sixth District Court of Appeals reversed. The appellate court cited this court's determination that the basic purpose of the

retaliation statute is " ' "to enable employees to freely exercise their rights without fear of retribution from their employers." ' " 2014-Ohio-4115, 20 N.E.3d 322, ¶ 27, quoting *Sutton v. Tomco Machining, Inc.*, 129 Ohio St.3d 153, 2011-Ohio-2723, 950 N.E.2d 938, ¶ 22, quoting *Coolidge v. Riverdale Local School Dist.*, 100 Ohio St.3d 141, 2003-Ohio-5357, 797 N.E.2d 61, ¶ 43.

{¶ 17} In sustaining Onderko's assignments of error, the court reasoned:

> Requiring an employee to successfully prove that the injury occurred at work for purposes of a retaliatory-discharge claim would have a chilling effect on the exercise of his or her rights because the employee would be forced to choose between a continuation of employment and the submission of a workers' compensation claim. This choice must be made by the employee knowing that if he or she fails to prove that the cause of the injury was work related, not only will his or her claim be denied, but the employer would then be free to terminate the employment simply because the claim was filed.

*Id.* at ¶ 28. That holding implicitly recognizes that the entire workers' compensation system is designed to provide a no-fault process for the resolution of claims of injury. Were employers permitted to discharge employees for utilizing the system, its very purpose would be defeated.

{¶ 18} Thus, the appellate court held that under R.C. 4123.90, a plaintiff is not required to prove that the injury occurred at the workplace and arose out of the scope of employment. The court also held that Onderko was not collaterally estopped or barred by res judicata from establishing the workplace injury element of his claim. The court concluded that because of its determination that a workplace injury is not a required element of a retaliatory-discharge claim under R.C. 4123.90,

6

and because Sierra Lobo offered no other grounds to justify Onderko's termination, summary judgment against Onderko was inappropriate.

{¶ 19} On January 28, 2015, this court accepted Sierra Lobo's discretionary appeal (case No. 2014-1881). 141 Ohio St.3d 1454, 2015-Ohio-239, 23 N.E.3d 1196. In that appeal, Sierra Lobo presents the following two propositions of law:

> Proposition of Law No. 1: As an element of establishing a prima facie claim for retaliatory discharge under R.C. 4123.90, a plaintiff must prove that he or she suffered a workplace injury.
> Proposition of Law No. 2: As a matter of law, an employee who fails to appeal a decision of the Industrial Commission that his or her injury was not work-related cannot bring [an] R.C. 4123.90 retaliation claim based upon that claimed injury.

{¶ 20} In case No. 2014-1962, this court recognized that a conflict exists between the Sixth District's decision in Onderko's case and the Fifth District's decision in *Kilbarger v. Anchor Hocking Glass Co.*, 120 Ohio App.3d 332, 697 N.E.2d 1080 (5th Dist.1997). We certified the following question for review:

{¶ 21} "Whether, as an element of establishing a prima facie claim for retaliatory discharge under R.C. 4123.90, plaintiff must prove that he or she suffered a workplace injury." 141 Ohio St.3d 1451, 2015-Ohio-239, 23 N.E.3d 1194. The two cases were consolidated for decision. *Id.*

{¶ 22} The *Kilbarger* case involved an injured worker's appeal from a bench trial that resulted in a finding in favor of the employer on a claim for retaliatory discharge under R.C. 4123.90. In his appeal, Kilbarger argued that the trial court had erred by requiring him to prove that he was injured on the job. A two-to-one majority disagreed and overruled Kilbarger's assignment of error.

**{¶ 23}** Although the appellate court found that Kilbarger had sufficiently alleged the three elements of a prima facie case of retaliation in his complaint filed under R.C. 4123.90 and this court's decision in *Wilson,* 18 Ohio St.3d 8, 479 N.E.2d 275, syllabus, the court nonetheless concluded that Kilbarger could not prevail under R.C. 4123.90 because he had failed to prove one of those elements at trial, i.e., he failed to prove that he was injured at work. 120 Ohio App.3d at 337-339, 697 N.E.2d 1080.

**{¶ 24}** We disagree. Accordingly, we answer the certified-conflict question and proposition of law No. 1 in the negative and hold that pursuant to the plain language of R.C. 4123.90, the elements of a prima facie case of retaliatory discharge under the statute do not require the plaintiff to prove that the injury occurred on the job. We also reject appellant's second proposition of law. Because proof of a work-related injury is not an element of a prima facie case of retaliatory discharge, failure to appeal the denial of a workers' compensation claim does not foreclose a claim for retaliatory discharge under R.C. 4123.90. Our decision rests on the language and basic purpose of the statute.

**Analysis**

**{¶ 25}** Ohio's statutory workers' compensation system is the result of a constitutional provision authorized by Ohioans, namely, Article II, Section 35. Ohio's statutory scheme supplanted the prior common-law system. *Sutton,* 129 Ohio St.3d 153, 2011-Ohio-2723, 950 N.E.2d 938, ¶ 33. The system is founded on a recognition that unintentional injury is a reality in the workplace and is designed to balance the interests of employers and employees when unintentional injury occurs. *See Bunger v. Lawson,* 82 Ohio St.3d 463, 465, 696 N.E.2d 1029 (1998). The employers' part of the bargain is that participation in the state insurance fund is compulsory. The employees' part of the bargain is that they are precluded from suing their employers for unintentional injuries that happen at work. The idea here is that when unintentional workplace injuries happen, nothing is gained when

employees and employers are in an adversarial position in the courtroom. Instead Ohio has a statutory system designed to return the employee to work and to protect the economic viability of the employer. Consequently we look directly to the statute to determine whether proof of workplace injury is an element of a prima facie case of retaliatory discharge under R.C. 4123.90.

{¶ 26} When applying a statute, the court must give effect to all of the statute's words. *Stolz v. J & B Steel Erectors, Inc.*, ___ Ohio St.3d ___, 2016-Ohio-1567, ___ N.E.3d ___, ¶ 9. Likewise, "a court must give effect to the natural and most obvious import of a statute's language, avoiding any subtle or forced constructions." *Id.,* citing *Ohio Neighborhood Fin., Inc. v. Scott*, 139 Ohio St.3d 536, 2014-Ohio-2440, 13 N.E.3d 1115, ¶ 22.

The Statute at Issue

{¶ 27} R.C. 4123.90 provides:

No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act *for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer.*

(Emphasis added.) Sierra Lobo points to the italicized phrase and argues that the plain language of R.C. 4123.90 explicitly requires a showing that the plaintiff suffered a workplace injury. It argues that this showing is essential, especially in cases such as Onderko's, where an employee pursues a retaliation claim after the Industrial Commission has adjudicated that the employee did not suffer a work-related injury. Sierra Lobo further argues that the Ohio General Assembly placed the requirement in the statute to differentiate between false and valid claims under

the Workers' Compensation Act and to prevent precisely the situation presented in this case—where an employee whose injury was fully and finally adjudicated not to have occurred in the workplace is nevertheless permitted to force his employer to defend a suit claiming retaliatory discharge.

{¶ 28} Onderko argues that requiring an employee to prove that the injury occurred at work for purposes of a retaliatory-discharge claim would have a chilling effect on the exercise of the employee's rights because the employee would be forced to choose between a continuation of employment and the submission of a workers' compensation claim. Onderko also asserts that it is the filing of a workers' compensation claim, not the allowance of the claim, that triggers the statutory protection from discharge. We agree with Onderko.

{¶ 29} In *Wilson v. Riverside Hosp.,* 18 Ohio St.3d 8, 479 N.E.2d 275, this court established the requirements for the sufficiency of a complaint for retaliatory discharge under R.C. 4123.90 in the context of a Civ.R. 12(B)(6) motion to dismiss.

{¶ 30} Sonya Wilson was injured in a fall while she was on the job. Her workers' compensation claim was allowed, and she was unable to work for 11 months, during which time she received compensation for temporary total disability. When Wilson's doctor released her for work, Wilson notified her employer of her intention to return to work. Wilson's employer sent her a letter stating that she had been terminated because its leave-of-absence policy guaranteed a position for only ten weeks, and since Wilson was on leave for over 11 months, her position had been filled. The letter further stated that her termination was pursuant to the leave-of-absence policy and that the termination did not violate any law. Wilson filed a complaint for an alleged violation of R.C. 4123.90.

{¶ 31} Wilson's employer filed a motion to dismiss for failure to state a claim because Wilson's complaint did not specifically allege that the discharge was in retaliation for her workers' compensation claim. The employer argued that the termination letter demonstrated that there was no retaliatory motive in its refusal to

10

rehire Wilson. The trial court granted the employer's motion to dismiss. The court of appeals affirmed the judgment. This court reversed.

{¶ 32} There was no dispute in Wilson's case regarding whether her injury was work-related. Rather, the dispute in *Wilson* was whether her complaint sufficiently alleged that her employer had retaliated against her. This court concluded that by referring to R.C. 4123.90 in the complaint, Wilson sufficiently complied with the notice-pleading requirements of Civ.R. 8(A).

{¶ 33} Accordingly, this court held that "[a] complaint filed by an employee against an employer states a claim for relief for retaliatory discharge when it alleges that the employee was injured on the job, filed a claim for workers' compensation, and was discharged by that employer in contravention of R.C. 4123.90." 18 Ohio St.3d 8, 479 N.E.2d 275, syllabus. Our holding in *Wilson* addressed whether a reference in the complaint to the retaliatory-discharge statute was sufficient to satisfy the notice-pleading requirements of Civ.R. 8(A) when the complaint does not specifically allege that the plaintiff was discharged in retaliation for pursuing a workers' compensation claim. We did not hold that a plaintiff must prove that his or her injury was work-related as an element of a prima facie case of employer retaliation under R.C. 4123.90.

{¶ 34} This court has also considered and ruled on the basic purpose and import of R.C. 4123.90. In *Coolidge,* 100 St.3d 141, 2003-Ohio-5357, 797 N.E.2d 61, a teacher was assaulted and seriously injured by one of her students. She had an allowed workers' compensation claim and was receiving temporary-total-disability benefits. Initially the school granted her leave requests but then denied her request for a further extension of her leave time. The teacher was then discharged for being absent without leave. She filed actions for wrongful termination and retaliatory discharge, asserting that terminating her for violation of the district's leave-of-absence policy while she was receiving temporary-total-disability compensation violated public policy. This court agreed.

**{¶ 35}** We observed:

> The basic purpose of any antiretaliation statute is to enable employees to freely exercise their rights without fear of retribution from their employers. The recognition of a public-policy exception for wrongful discharge in retaliation for filing a workers' compensation claim, whether derived from statutory or common law, is built on the premise that "[i]nability to challenge retaliatory discharges would undermine the purpose of the workers' compensation statute by forcing the employee to choose between applying for the benefits to which he is entitled and losing his job." 82 American Jurisprudence 2d (2003) 682-683, Wrongful Discharge, Section 93.

*Id.* at ¶ 43. *Accord Sutton*, 129 Ohio St.3d 153, 2011-Ohio-2723, 950 N.E.2d 938, ¶ 22 (recognizing a common-law action for wrongful discharge in violation of public policy based on R.C. 4123.90's expression of "a clear public policy prohibiting retaliatory employment action against injured employees").

**{¶ 36}** In this case it is undisputed that Onderko filed a claim for workers' compensation benefits. It is also undisputed that Onderko's claim was denied, then allowed, then denied. Then Onderko was fired. It is undisputed that Onderko was fired for pursuing workers' compensation benefits. However, Sierra Lobo asserts that Onderko's retaliation claim must fail as a matter of law because Onderko's workers' compensation claim was not allowed. The Fifth District has held that proof of injury at work is an element of a retaliation case brought pursuant to R.C. 4123.90. *Kilbarger,* 120 Ohio App.3d at 338-339, 697 N.E.2d 1080. That is not the law of Ohio. Just as this court's holding in *Wilson* did not require the plaintiff to prove that the injury was work-related in order to prevail under R.C. 4123.90,

we today affirm that principle. Proof of injury at work is not an element of a prima facie case of retaliatory discharge under R.C. 4123.90.

{¶ 37} Sierra Lobo's proposition that in order to have a successful retaliation claim under the statute, the workers' compensation claim must be successful ignores the language of the statute as well as its import. The plain language of the statute prohibits "any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or an occupational disease which occurred in the course of and arising out of his employment with that employer." R.C. 4123.90. The language of the statute hinges on the employer's response to the plaintiff's pursuit of benefits, not the award of benefits. Hinging recovery under the statute on proof of "an injury or an occupational disease which occurred in the course of and arising out of" the plaintiff's employment would have the effect of reading the phrase "filed a claim or instituted, pursued or testified in a proceeding" completely out of the statute. The compensability of the injury is not a required element in a retaliatory-discharge case. R.C. 4123.90 does not authorize courts to review the compensability of a workers' compensation claim. The only relevant question for the trial court is whether a claim was pursued and whether the employee was fired or otherwise punished for doing so.

{¶ 38} Interpreting the statute to prohibit retaliation against only those workers whose claims have been allowed misses the point of the statute, which is to enable employees to freely exercise their rights without fear of retribution from their employers. *Sutton,* 129 Ohio St.3d 153, 2011-Ohio-2723, 950 N.E.2d 938, ¶ 22.

{¶ 39} Our holding in this case by no means suggests that a fraudulent or false claim for workers' compensation may be pursued without penalty and is not grounds for termination. Filing a false claim or making misleading statements in order to secure workers' compensation is a crime in Ohio. R.C. 2913.48. Any

person undertaking such conduct is subject to significant criminal penalties. There is no indication here that Onderko was investigated or charged with workers' compensation fraud. In fact, the record is clear that this employee was discouraged by his employer from even applying for benefits in the first place, with the dismissive statement by his supervisor that the claim was probably not allowable. We resist interpreting the antiretaliation statute in such a way that would vest employers with the discretion to label any unsuccessful claim as deceptive and then terminate the employee.

{¶ 40} We therefore hold that a prima facie case of retaliatory discharge under R.C. 4123.90 requires a plaintiff to prove only that the employer discharged, demoted, reassigned, or took any other punitive action against the plaintiff in retaliation for the plaintiff's filing a workers' compensation claim or instituting, pursuing, or testifying in any proceedings under the Workers' Compensation Act.

## CONCLUSION

{¶ 41} For the foregoing reasons, we answer the certified question and Proposition of Law No. 1 in the negative and hold that pursuant to the plain language of R.C. 4123.90, the necessary elements of a prima facie case of retaliatory discharge under R.C. 4123.90 do not include proof that the plaintiff suffered a workplace injury. Thus, the plaintiff is not required to prove that he or she was injured on the job. We also hold that because proof of a work-related injury is not an element of a prima facie case of retaliatory discharge, failure to appeal the denial of a workers' compensation claim does not foreclose a suit for retaliatory discharge under R.C. 4123.90. The judgment of the Sixth District is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'DONNELL, J., dissents in an opinion.

_____

**O'DONNELL, J., dissenting.**

{¶ 42} I respectfully dissent.

{¶ 43} R.C. 4123.90 provides that "[n]o employer shall discharge * * * any employee because the employee filed a claim * * * for an injury or occupational disease *which occurred* in the course of and arising out of his employment with that employer." (Emphasis added.) Thus, the statute supports the view that a retaliation claim can proceed *only if* a workplace injury *in fact* occurred. A court should not construe the statute in a manner to encourage fraudulent claims for workers' compensation benefits, and here, the Bureau of Workers' Compensation determined that there was no workplace injury. The evidence therefore supports the trial court finding that Sierra Lobo, Inc., fired Onderko for filing a fraudulent claim.

{¶ 44} The syllabus prepared by today's majority contradicts the statute and is another example of the court failing to adhere to the rule of law and to recognize that the General Assembly is the policy-making body in our government and substituting its own judgment for that of the legislature.

{¶ 45} Accordingly, I would reverse the judgment of the Sixth District Court of Appeals.

_____

Walter Haverfield, L.L.P, and Margaret A. O'Bryon, for appellee.

Taft, Stettinius & Hollister, L.L.P., Mark J. Valponi, Brian E. Ambrosia, and Jennifer B. Orr, for appellant.

The Gittes Law Group, Frederick M. Gittes, and Jeffrey P. Vardaro, urging affirmance for amici curiae Ohio Employment Lawyers Association.

Law Office of Thomas Tootle Co., L.P.A., and Thomas Tootle, urging affirmance for amici curiae Ohio Association for Justice.

Portman & Foley, L.L.P., and Frederic A. Portman, urging affirmance for amicus curiae Fraternal Order of Police Capital City Lodge No. 9.

Paul L. Cox, urging affirmance for amicus curiae Fraternal Order of Police of Ohio, Inc.

_____