SEAN C. GALLAGHER, P.J.:
{¶1} Defendants-appellants Gateway Heathcare Centre, L.L.C. ("Gateway"), Monique Lumpkin, and Laurie Urbanowicz (collectively "defendants") appeal from the trial court's decision that denied their motion for a directed verdict and from the decision that denied their motion for judgment notwithstanding the verdict ("JNOV") or, in the alternative, motion for remittitur. Upon review, we reverse the trial court's rulings, reverse the award of compensatory and punitive damages, as well as the award of attorney fees and costs to plaintiff, and enter judgment in defendants' favor on the retaliatory discharge and public policy claims brought under R.C. 4123.90 et seq.
{¶2} Plaintiff-appellee Simone McGree ("plaintiff" or "McGree") filed this action against defendants following her termination of employment with Gateway. In her complaint, plaintiff asserted claims for disability discrimination (Count 1), wrongful termination based on disability discrimination *982 (Count 2), workers' compensation retaliation under R.C. 4123.90 (Count 3), wrongful termination in violation of public policy under R.C. 4123.90 et seq. (Count 4), and intentional infliction of emotional distress (Count 5). Count 5 was voluntarily dismissed.
{¶3} The case proceeded to a jury trial. At the close of plaintiff's case-in-chief and at the close of defendants' case-in-chief, defendants moved for a directed verdict. The trial court denied the motion each time. The jury returned a verdict in favor of the defendants on the disability claims. The jury returned a verdict in favor of plaintiff on the retaliatory discharge and wrongful termination in violation of public policy claims brought under R.C. 4123.90 et seq. The jury awarded plaintiff $ 71,300 in compensatory damages and $ 142,600 in punitive damages. Defendants filed a motion for JNOV or, in the alternative, a motion for remittitur. That motion also was denied by the trial court. The trial court awarded plaintiff attorney fees in the amount of $ 144,273.50 and costs.
{¶4} Central to the dispute herein is the viability of plaintiff's claims under Ohio's Workers' Compensation Act, R.C. 4123.90 et seq., for retaliatory discharge and wrongful termination in violation of public policy. McGree began working for Gateway on February 3, 2016, and was terminated on April 21, 2016. There is no dispute that McGree was not injured on the job during her employment with Gateway. McGree testified that she never thought of filing a workers' compensation claim against Gateway. She claimed that she was terminated because, previous to her employment with Gateway, she had filed a workers' compensation claim against a prior employer with regard to a back injury she sustained in 2014 during her prior employment. Defendants maintained that they terminated McGree because she had not obtained pre-employment medical clearance to return to work from her workers' compensation physician.
{¶5} The trial court determined that plaintiff's claims were sustainable under Ohio law. Defendants have timely appealed the matter to this court.
Law and Analysis
{¶6} Under their first and second assignments of error, defendants argue that the trial court erred in failing to grant their motion for a directed verdict and their motion for JNOV on plaintiff's retaliatory discharge and public policy claims. Defendants claim that McGree cannot avail herself of the protections and remedies found in R.C. 4123.90 et seq. because she never sustained a work-related injury during her employment with Gateway and her sole workers' compensation claim was against a previous employer.
{¶7} We employ a de novo standard of review in evaluating the grant or denial of a motion for directed verdict because it presents a question of law. Bennett v. Admr., Ohio Bur. of Workers' Comp. , 134 Ohio St.3d 329, 2012-Ohio-5639, 982 N.E.2d 666, ¶ 14. A motion for directed verdict is properly granted if "the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party." Civ.R. 50(A)(4). Likewise, "[t]he trial court's denial of JNOV raises a question of law requiring de novo review as to whether the evidence, construed most strongly in favor of [the nonmoving party], is legally sufficient to sustain the jury's verdict." Link v. FirstEnergy Corp. , 147 Ohio St.3d 285, 2016-Ohio-5083, 64 N.E.3d 965, ¶ 22, citing *983 Environmental Network Corp. v. Goodman Weiss Miller, L.L.P. , 119 Ohio St.3d 209, 2008-Ohio-3833, 893 N.E.2d 173, ¶ 23.
{¶8} R.C. 4123.90 provides in relevant part:
No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer.
{¶9} R.C. 4123.90 "provides the exclusive remedy for employees claiming termination in violation of rights conferred by the Workers' Compensation Act." Bickers v. W. & S. Life Ins. Co. , 116 Ohio St.3d 351, 2007-Ohio-6751, 879 N.E.2d 201, ¶ 26. Under R.C. 4123.90, "the General Assembly chose to proscribe retaliatory discharges only" and the statute prohibits an employer from retaliating against an employee for pursuing a workers' compensation claim. Id. at ¶ 23.
{¶10} The language of R.C. 4123.90 prohibits an employer from discharging an employee for pursuing a workers' compensation claim with regard to an injury that occurred in the course of and arising out of his employment with that employer. In Onderko v. Sierra Lobo, Inc. , 148 Ohio St.3d 156, 2016-Ohio-5027, 69 N.E.3d 679, the Supreme Court of Ohio recognized that "[t]he language of the statute hinges on the employer's response to the plaintiff's pursuit of benefits, not the award of benefits." Id. at ¶ 37. Because the statute hinges upon the "pursuit" of a workers' compensation claim for a workplace injury, the court found that an employee need not ultimately prevail on his workers' compensation claim such that the compensability of the injury, or the allowance of the claim, is not required. Id. at ¶¶ 37-38. Upon this reasoning, the court held that "pursuant to the plain language of R.C. 4123.90, the elements of a prima facie case of retaliatory discharge under the statute do not require the plaintiff to prove that the injury occurred on the job." Id. at ¶ 24. The only relevant inquiry in this regard "is whether a claim was pursued and whether the employee was fired or otherwise punished for doing so." Id. at ¶ 37.
{¶11} Nonetheless, in Onderko , the court reiterated that "[w]hen applying a statute, the court must give effect to all of the statute's words." Id. at ¶ 26, citing Stolz v. J & B Steel Erectors, Inc. , 146 Ohio St.3d 281, 2016-Ohio-1567, 55 N.E.3d 1082, ¶ 9. Pursuant to the plain language of R.C. 4123.90, the workers' compensation claim being pursued must relate to "an injury or occupational disease which occurred in the course of and arising out of his employment with that employer ." Id. at ¶ 37. As recognized in Onderko , " '[t]he basic purpose of any antiretaliation statute is to enable employees to freely exercise their rights without fear of retribution from their employers.' " Id. at ¶ 35, quoting Coolidge v. Riverdale Local School Dist. , 100 Ohio St.3d 141, 2003-Ohio-5357, 797 N.E.2d 61, ¶ 43.
{¶12} In Sutton v. Tomco Machining, Inc. , 129 Ohio St.3d 153, 2011-Ohio-2723, 950 N.E.2d 938, the Supreme Court of Ohio recognized that " R.C. 4123.90 expresses a clear public policy prohibiting retaliatory employment action against injured employees." Id. at paragraph one of the syllabus. The court was concerned with a gap created under the language of R.C. 4123.90, which "does not expressly prohibit retaliation against injured employees who have not yet filed, instituted, or pursued a workers' compensation claim." Id. at ¶ 14. The court concluded that the General Assembly did not intend to create a footrace and that "it is not the public policy of Ohio to permit retaliatory employment action *984 against injured employees in the time between injury and filing, instituting, or pursuing workers' compensation claims." Id. at ¶ 22. Thus, Sutton created a very limited exception for "employees who might pursue workers' compensation benefits" against their employer in the future. Id.
{¶13} As found by the Twelfth District Court of Appeals in a case similar to the instant matter:
Sutton creates a very limited exception to the at-will employment doctrine for injured employees who suffer retaliation prior to instituting or pursuing a workers' compensation claim. It follows that employees like Rose with a pending or existing workers' compensation claim at the time of the alleged retaliation cannot benefit from the Sutton exception. Additionally, we do not believe the court intended to apply the policy to a subsequent employer like CTL, who was not the source of the injury and who discharged Rose, an at-will employee, for economic reasons.
Rose v. CTL Aero., Inc. , 12th Dist. Butler No. CA2011-09-171, 2012-Ohio-1596, 2012 WL 1203132, ¶ 16 (finding a defendant/employer was entitled to judgment on the pleadings against a plaintiff/employee whose injury occurred during his employment with a previous employer.) As expressed in the Rose case, "[h]ad the Supreme Court intended to include employees affected during other time frames, it certainly could have done so. Moreover, it is the General Assembly's prerogative, not ours, to determine whether the basis of [such] claim should be part of Ohio's public policy." Id. at ¶ 25. Likewise, as found by the Tenth District in Elam v. Carcorp, Inc. , 10th Dist. Franklin No. 12AP-260, 2013-Ohio-1635, 2013 WL 1749703, "no public policy exists in Ohio that prevents an employer from terminating an employee for filing a lawsuit against a third party." Id. at ¶ 1.
{¶14} In this case, McGree provided no evidence that her discharge was in any way connected to the pursuit of a workers' compensation claim against Gateway. In fact, she conceded that the only workers' compensation claim she had was against a previous employer arising from an injury that occurred in 2014 while employed by the other employer. The plain language of R.C. 4123.90 is limited to an employer who retaliates against an employee for pursuing a workers' compensation claim against "that employer." Because McGree did not claim that she was terminated for pursuing a workers' compensation claim against Gateway, or claim to have suffered an injury occurring in the course of and arising out of her employment with Gateway, she failed to establish a claim for retaliatory discharge or wrongful discharge in violation of public policy under the Ohio Workers' Compensation Act. See Rose .
{¶15} We do not take our decision to overturn the jury verdict in this case lightly. We certainly understand McGree believes her termination from Gateway was wrongful. We are also aware of the extensive efforts made by McGree's counsel in this case to compensate her for her claimed damage. Nonetheless, we are compelled to reverse in this matter. The claims raised under Ohio's workers' compensation laws should never have been submitted to the jury, and the motion for directed verdict should have been granted. This court must enforce R.C. 4123.90 as written, and McGree has failed to articulate a clear public policy prohibiting employers from terminating employees for having filed prior workers' compensation claims against previous employers. The legislature has not chosen to expand the public policy of Ohio to permit such claims.
*985 {¶16} We are not persuaded by McGree's invited-error argument and decline to apply the doctrine herein. We also find no merit to McGree's other ancillary arguments. After construing the evidence most strongly in McGree's favor, we find reasonable minds could only reach a conclusion against McGree on her claims and that the evidence is not legally sufficient to sustain the jury's verdict. Therefore, we find the trial court erred in denying appellants' motions and sustain the first and second assignments of error.
{¶17} Under the third assignment of error, appellants challenge whether the individual defendants, Lumpkin and Urbanowicz, can be held liable for claims predicated on R.C. 4123.90. In Hildebrecht v. Premier Machine Prods., Inc. , 11th Dist. Lake No. 2000-L-086, 2001 WL 1497195, the court found that individual defendants may not be held liable under R.C. 4123.90. It was revealed at oral argument that both Lumpkin and Urbanowicz were left in the case by trial counsel for Gateway because of a decision by Gateway's corporate leadership. In light of the fact that R.C. 4123.90 was not applicable to these defendants, the decision to keep these defendants in the case left the appearance that they might have acted improperly when there were no legal grounds for such an assumption.
{¶18} The fourth assignment of error challenges whether the court awarded damages in excess of those permitted under R.C. 4123.90. This assignment of error is moot.
{¶19} Because appellants are entitled to judgment in their favor, we reverse the award of compensatory and punitive damages, as well as the award of attorney fees and costs to McGree.
{¶20} Judgment reversed.
LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR